[No. G002475. Fourth Dist., Div. Three. Apr. 29, 1985.]

CHICK IVERSON et al., Petitioners, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
PRATT & WHITNEY AIRCRAFT OF CANADA, LTD.,
Real Party in Interest.

**COUNSEL**

Good & Novack and Charles M. Finkel for Petitioners.

Adrian Kuyper, County Counsel, and Richard D. Oviedo, Deputy County Counsel, for Respondent.

McKenna, Conner & Cuneo, Aaron M. Peck, Edmond M. Conner and Donald D. Dickerson as Amici Curiae on behalf of Respondent.

Kirtland & Packard, Steven H. Schwartz and Laurel Hyde for Real Party in Interest.

**OPINION**

**TROTTER, P. J.**—Petitioners seek a peremptory writ of mandate directing the superior court to vacate its order granting real party in interest's motion to quash service of summons. We are asked to determine whether a local superior court rule (Orange County Superior Court Law and Motion Rules, rule 520, subd. (C)(2)) and California Rules of Court, rule 317(a) dealing with the time allowed for filing papers in opposition to a written motion are inconsistent with Code of Civil Procedure section 1005. We find they are and thus do not have the force of law. We therefore issue the writ.

Petitioners own a Piper Cheyenne aircraft whose engines were manufactured by real party in interest. Petitioners brought suit against real party in interest and others after an engine fuel controller allegedly failed and caused extensive damage.

Real party moved to quash service of summons for lack of personal jurisdiction. Petitioners filed papers in opposition to the motion five calendar days (three court days) before the hearing. The superior court refused to consider the opposition papers stating they were not timely filed since they did not meet the time standards set forth in California Rules of Court, rule 317 (a) and Orange County Superior Court Rules, rule 520, subdivision (C)(2) which require opposition papers to be filed five *court* days before the hearing. Thus, the motion to quash was granted. Petitioners moved for reconsideration which was denied, and this petition followed.

Code of Civil Procedure section 1005[1] sets forth the procedure for giving a written notice of motion and supporting papers. It requires papers opposing a noticed motion be filed at least *five days* before the time appointed for hearing.

Article VI, section 6 of the California Constitution permits the Judicial Council to "adopt rules for court administration, practice and procedure, *not inconsistent with statute* . . . ." (Italics added.) One of the rules so adopted requires opposing papers be filed at least five *court* days before the time appointed for hearing. (Cal. Rules of Court, rule 317 (a).)[2] The Orange County Superior Court rule is similar.[3]

■■ However, since the Judicial Council may only adopt rules not inconsistent with law, and since local rules have the force of law only when

---

[1]Code of Civil Procedure section 1005 provides: "When a written notice of a motion is necessary it shall be given at least 15 days before the time appointed for the hearing and shall be accompanied by all supporting points and authorities, declarations, and other supporting materials; provided that if the notice is served by mail, the required 15-day period of notice before the time appointed for the hearing shall be increased by five days if the place of mailing and the place of address are within the State of California, 10 days if either the place of mailing or the place of address is outside the State of California but within the United States, and 20 days if either the place of mailing or the place of address is outside the United States. The provisions of subdivision (a) of Section 1013, extending the time within which a right may be exercised or an act may be done, do not apply to a notice of motion governed by this section. *All papers opposing a motion so noticed shall be filed with the court and served on each party at least five days before the time appointed for the hearing.*

"The court, or a judge thereof, may prescribe a shorter time." (Italics added.)

[2]California Rules of Court, rule 317(a) provides: "Unless otherwise ordered or specifically provided by law, all moving and supporting papers shall be served and filed at least 15 calendar days, all papers opposing the motion at least five court days, and all reply papers at least two court days before the time appointed for the hearing."

[3]Orange County Superior Court Law and Motion Rules, rule 520, subdivision (C)(2) provides: "All papers, other than those initiating the proceedings, whether in opposition or support, shall be filed directly with the court clerk in the law and motion department in which the matter is pending no later than five (5) court days before the time appointed for the hearing. Any reply papers shall be personally served and filed at least two (2) court days prior to the hearing."

there is no legislative direction to the contrary (*Mann* v. *Cracchiolo* (1985) 38 Cal.3d 18, 29 [210 Cal.Rptr. 762, 694 P.2d 1134]), we must determine whether California Rules of Court, rule 317 (a) and Orange County Superior Court Law and Motion Rules, rule 520, subdivision (C)(2) are consistent with Code of Civil Procedure section 1005. ██ ██ Petitioners assert the Legislature intended "five days" to mean five *calendar* days, and any other construction is inconsistent. Real party in interest argues "five court days" merely clarifies an ambiguous "five days."

██ Preliminarily, we note mandamus relief is appropriate because the petition "presents a question of first impression which affects a large number of litigants and attorneys." (*St. Vincent Medical Center* v. *Superior Court* (1984) 160 Cal.App.3d 1030, 1032 [206 Cal.Rptr. 840].) We turn, therefore, to the merits.

██ We believe any "clarification" of a statute by the Judicial Council must comport with the intent of the Legislature in enacting the statute. That intent should be determined from the ordinary meaning of the statutory words themselves, if possible. (*Moyer* v. *Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 230 [110 Cal.Rptr. 144, 514 P.2d 1224].) ██ The ordinary meaning of the word "days" is therefore relevant to a determination of what the Legislature intended when it enacted Code of Civil Procedure section 1005.

██ The dictionary definition of "day" is "the time of light or interval between one night and the next . . ." or "the period of the earth's rotation on its axis ordinarily divided into 24 hours . . . ." (Webster's New Internat. Unabridged Dict. (3d ed. 1961) p. 578.) ██ This definition supports the argument "five days" means "five *calendar* days." Moreover, had the Legislature intended "five days" to mean "five *court* days," it could easily have so specified. The fact that Code of Civil Procedure section 1005 permits a court to shorten the time period, but says nothing about lengthening it, also supports the proposition the Legislature intended "days" to be construed in its everyday sense. The Judicial Council itself has not always interpreted "days" as "court days," because it requires the filing of moving and supporting papers "15 *calendar* days" before the hearing. (Cal. Rules of Court, rule 317(a), italics added.)

██ We find the requirement of filing opposition papers five court days before the appointed time for hearing inconsistent with Code of Civil Procedure section 1005. To that extent California Rules of Court, rule 317 (a) and Orange County Superior Court Law and Motion Rules, rule 520, subdivision (C)(2) do not have the force of law. Therefore, respondent erred in finding the opposition papers were not timely filed.

We wish to emphasize that even when local rules do have the force of law, courts should always "exercise their discretion and relieve the attorney from tardy opposition filings when his conduct was reasonable . . . ." (*Mann* v. *Cracchiolo, supra,* 38 Cal.3d at p. 30.) In *Mann,* the Supreme Court quoted the following language from *Kapitanski* v. *Von's Grocery Co.* (1983) 146 Cal.App.3d 29, 32 [193 Cal.Rptr. 839] with approval: ". . . Judges . . . generally prefer to avoid acting as automatons and routinely reject requests by counsel to function solely in a ministerial capacity. Rigid rule following is not always consistent with a court's function to see that justice is done. Cognizant of the strong policy favoring the disposition of cases on their merits [citations], judges usually consider whether to exercise their discretion in applying local court rules and frequently consider documents which have been untimely filed." (*Mann* v. *Cracchiolo, supra,* 38 Cal.3d at pp. 28-29.)

Here counsel had planned the filing of his opposition papers according to the office master calendar. The "calendar person" declared she relied upon her past experience that opposition papers are due at least five calendar days before a hearing. In light of Code of Civil Procedure section 1005, there was certainly a reasonable excuse for what the court found to be untimely filing.

Issuance of an alternative writ would add nothing to our review and only delay the proceedings for no reason. A peremptory writ in the first instance is appropriate. (Code Civ. Proc., § 1088; *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 179-180 [203 Cal.Rptr. 626, 681 P.2d 893].)

Let a peremptory writ of mandate issue directing respondent to vacate its order granting real party's motion to quash service of summons, and to rehear the motion taking into consideration the opposition papers filed and any oral argument presented.

Crosby, J., and Wallin, J., concurred.

Respondent's petition for review by the Supreme Court was denied July 17, 1985.