[No. B010844. Second Dist., Div. Three. Oct. 6, 1986.]

KARL SADLER, Plaintiff and Appellant, v.
RUBIN M. TURNER et al., Defendants and Respondents.

---

## Counsel

Peter R. diDonato and Allan I. Shatkin for Plaintiff and Appellant.

Bottum, Rady & Feliton, Nancy L. Rady, William M. Aitken and Larry Caldwell for Defendants and Respondents.

---

## Opinion

**KLEIN, P. J.**—Plaintiff and appellant Karl Sadler (Sadler) appeals from an order of dismissal for failure to amend his complaint following the

sustaining of a demurrer interposed by defendants and respondents Rubin M. Turner, individually, and Turner, Gerstenfeld & Wilk, a professional corporation (collectively, Turner).

Because California Rules of Court, rule 325(f) (rule 325(f)) is inconsistent with statutory law, it is invalid, and no notice was required to Sadler of Turner's motion to dismiss for failure to amend. The trial court properly dismissed Sadler's action on an ex parte motion.

## FACTUAL AND PROCEDURAL BACKGROUND

In a complaint for legal malpractice filed May 9, 1984, Sadler alleged: that on October 4, 1977, he retained Turner to file an action for specific performance and a lis pendens involving real property located at 1726-1730 North Wilton Place in Los Angeles; because of Turner's failure to file the appropriate legal actions for which he was retained, on October 18, 1977, the seller of the property, George Galanoudes (Galanoudes) closed escrow with another purchaser; on May 10, 1983, Sadler prevailed in a breach of contract suit brought against him by Galanoudes; it was only at that time that he discovered Turner's tortious conduct.

On July 5, 1984, Turner demurred on the grounds Sadler's action was barred by the statute of limitations. On July 25, 1984, the demurrer was sustained and Sadler was granted 30 days to amend. In the event Sadler failed to amend, the minute order indicated Turner could seek an ex parte dismissal pursuant to former Code of Civil Procedure section 581, subdivision (3).[1,2]

Turner prepared a notice of ruling on demurrer, which notice was filed with the trial court and served on Sadler by mail on July 30, 1984. On October 23, 1984, Turner filed an ex parte application for an order to dismiss Sadler's complaint for failure to amend. On October 24, 1984, the application was granted.

On November 2, 1984, Turner served Sadler with a notice of ruling on application for order to dismiss. On November 27, 1984, Turner again gave Sadler notice of the trial court's ruling, this one entitled "Notice of Entry of Dismissal."

Sadler filed a notice of appeal on January 28, 1985.

---

[1] Unless otherwise indicated, all subsequent code section references are to the Code of Civil Procedure.

[2] Now section 581, subdivision (c).

## CONTENTIONS

Sadler contends the trial court erred in dismissing his complaint without complying with rule 325(f) which would require at least 15 days written notice of a motion to dismiss for failure to amend.

Turner submits Sadler's notice of appeal was not timely filed, and in any event, the dismissal was proper.

## DISCUSSION

### 1. *Notice of appeal was timely filed.*

■ Turner contends Sadler's appeal must be dismissed because the notice of appeal was filed 87 days after service of Turner's notice of ruling on demurrer, in violation of California Rules of Court, rule 2(a) (rule 2(a)).[3] As indicated, the notice of ruling was served on Sadler on November 2, 1984, and the notice of appeal was filed January 28, 1985.

Turner's contention is without merit. *Call v. Los Angeles County Gen. Hosp.* (1978) 77 Cal.App.3d 911 [143 Cal.Rptr. 845], squarely addresses the point. A notice of ruling by defendant which merely advises plaintiff of the sustaining of a demurrer is not a "'written notice of entry of judgment' that would start the 60-day period running contemplated by rule 2(a)." (*Id.,* at p. 915.)

The period did not start until November 27, 1984, when Turner served Sadler with the notice of entry of dismissal. Although notice of appeal was filed on Monday, January 28, 1985, *62* days later, as the 60th day fell on a Saturday, the filing was timely. (§ 12a.)

### 2. *Rule 325(f) relied on by Sadler is invalid.*

■ Section 581, subdivision (c) provides in pertinent part: "An action may be dismissed in the following cases: [¶] . . . . [¶] (c) By the court, . . . when, after a demurrer to the complaint has been sustained with leave to amend, the plaintiff fails to amend it within the time allowed by the court, . . ., and either party moves for such dismissal."

---

[3]Rule 2(a) provides: "Except as otherwise provided by Code of Civil Procedure section 870 or other statute, a notice of appeal shall be filed within 60 days after the date of mailing notice of entry of judgment by the clerk of the court pursuant to section 664.5 of the Code of Civil Procedure, or *within 60 days after the date of service of written notice of entry of judgment* by any party upon the party filing the notice of appeal, or within 180 days after the date of entry of the judgment, *whichever is earliest,* unless the time is extended as provided in rule 3." (Italics added.)

*Oppenheimer* v. *Deutchman* (1955) 132 Cal.App.2d Supp. 875, 879 [281 P.2d 650], construed the section, which today remains essentially unchanged, and held "[t]he statute itself . . . does not require notice. The words 'on motion' [merely] mean that the court cannot dismiss the action without the request of a party."

Article VI, section 6 of the California Constitution authorizes the Judicial Council to "adopt rules for court administration, practice and procedure, *not inconsistent with statute, . . .*" (Italics added.)

Rule 325(f), which took effect January 1, 1984, states: "A motion to dismiss for failure to amend following the sustaining of a demurrer shall be made pursuant to section 1010 of the Code of Civil Procedure."

Section 1010 states in relevant part: "Notices must be in writing, and the notice of a motion, . . ., must state when, and the grounds upon which it will be made, and the papers, if any, upon which it is to be based."

Further, section 1005 requires "[w]hen a written notice of a motion is necessary, it shall be given at least 15 days before the time appointed for the hearing and shall be accompanied by all . . . supporting materials; provided that if the notice is served by mail, the required 15-day period of notice . . . shall be increased . . . ."

The issue before us is therefore whether the notice requirement of rule 325(f) is inconsistent with section 581, subdivision (c), which does not itself require notice of a motion to dismiss for failure to amend.[4]

In *Iverson* v. *Superior Court* (1985) 167 Cal.App.3d 544 [213 Cal.Rptr. 399], the court was presented with the question of whether California Rules of Court, rule 317(a) (rule 317(a)) is inconsistent with section 1005. Both section 1005 and rule 317(a) deal in part with the time for filing papers in opposition to a written motion. While section 1005 merely requires opposition papers be filed at least five *calendar* days prior to the hearing, rule 317(a) requires those papers be filed at least five *court* days before the appointed time. The *Iverson* court held to the extent rule 317(a) is inconsistent with section 1005, it does not have the force of law. (*Iverson* v. *Superior Court, supra,* at p. 548.)

Similarly, in the instant case, rule 325(f) is at odds with section 581, subdivision (c). The statute does not mandate notice, and decisional law has recognized the absence of such a requirement.

---

[4]Diligent research has not disclosed what was intended by the adoption of rule 325(f).

While Sadler argues rule 325(f) merely "fills a gap" in section 581, subdivision (c), a resort to the statute does not bear out his contention. Section 581, subdivision (a) allows for dismissal "[b]y plaintiff, . . ., at any time before the actual commencement of trial"; subdivision (b) of the same section provides for dismissal "[b]y either party, upon the written consent of the other." However, subdivision (b) continues, "[n]o dismissal mentioned in subdivisions (a) and (b) shall be granted except upon the written consent of the attorney of record of the party or parties applying therefor, or if consent is not obtained upon order of the court after notice to the attorney." Had the Legislature seen fit to add a notice requirement for a motion to dismiss for failure to amend, it could have easily amended section 581, subdivision (c) to that effect. It has not done so.

Because the notice requirement of rule 325(f) is inconsistent with section 581, subdivision (c), which allows dismissal on an ex parte motion without notice, the rule is invalid. ██ Sadler's contention that the trial court erred in dismissing his action on an ex parte basis without notice pursuant to rule 325(f) must therefore fail.[5,6]

### DISPOSITION

The judgment is affirmed. Each party to bear costs on appeal.

Arabian, J., and Herrington, J.,* concurred.

On November 5, 1986, the opinion was modified to read as printed above. Appellant's petition for review by the Supreme Court was denied January 15, 1987.

---

[5]*In re Marriage of Lusk* (1978) 86 Cal.App.3d 228 [150 Cal.Rptr. 63] and *In re Marriage of Fink* (1976) 54 Cal.App.3d 357 [126 Cal.Rptr. 626], relied on by Sadler, are both wholly inapposite. Civil Code section 4001, located in the Family Law Act (Civ. Code, § 4000 et seq.) provides: "Notwithstanding any other provision of law, the Judicial Council may provide by rule for the practice and procedure in proceedings under this part." The *Fink* court recognized "[t]his delegation of rule-making power gives the Judicial Council [Family Law Rules] (rule 1201 et seq., Cal. Rules of Court) special status in relation to statutory and decisional law. [Fn. omitted.]" (*In re Marriage of Fink, supra*, at p. 365.)

[6]Although unbriefed by the parties, section 581, subdivision (c) comports with due process, despite allowing dismissal without notice following a failure to amend.

Where a demurrer has been sustained without leave to amend, a judgment of dismissal obtained on a motion without notice to the plaintiff does not affect the plaintiff's rights, as the losing party has already had a hearing. (*Oppenheimer* v. *Deutchman, supra,* 132 Cal.App.2d Supp. at p. 879.) The ruling is made only after a hearing in the trial court, and it is self-evident that the defective complaint will be dismissed in the event no amended pleading is forthcoming.

*Assigned by the Chairperson of the Judicial Council.