[No. A041574. First Dist., Div. Two. Sept. 5, 1989.]

BEATRICE WILBURN, Plaintiff and Appellant, v.
OAKLAND HOSPITAL et al., Defendants and Respondents.

---

COUNSEL

Jack C. Runnion for Plaintiff and Appellant.

Thomas V. Roland, Greines, Martin, Stein & Richland, Alan G. Martin, Timothy T. Coates, Roxanne Huddleston, Joan C. Hermens, Craddick Candland & Conti and Stephen F. Lucey for Defendants and Respondents.

---

OPINION

BENSON, J.—Beatrice Wilburn appeals the granting of Oakland Hospital's ex parte application dismissing her complaint, contending she was entitled to a noticed motion and the opportunity to present oral argument. We affirm the dismissal.

### Statement of Facts

On October 9, 1984, Wilburn filed an amended complaint against Oakland Hospital, and others, alleging medical malpractice and the wrongful death of her son. On November 20, 1986, Oakland Hospital demurred on the ground that no certificate of merit accompanied the complaint as required by Code of Civil Procedure section 411.30. Wilburn opposed the demurrer and requested 60 days in which to file the certificate of merit. Neither party appeared at the hearing on the demurrer, and the court granted the demurrer with 60 days leave to amend. On January 9, 1987, notice of the order sustaining the demurrer was served by mail on Wilburn. On January 22, 1987, the order sustaining demurrer, approved as to form by Wilburn, was filed. Wilburn did not file the certificate of merit, but on November 9, 1987, filed an at-issue memorandum. Oakland Hospital filed a motion to strike the at-issue memorandum contending it had not responded to the complaint because of Wilburn's failure to file the certificate of merit. This motion to strike was served by mail on November 19, 1987. Oakland Hospital then filed an ex parte application for order dismissing the action for failure to timely amend, and specified the application did not require notice. This ex parte application was served by mail on Wilburn on November 20. On November 23, Wilburn filed an objection in opposition to the ex

parte application to dismiss and requested a noticed motion. Wilburn's objections were based on the need for additional time to obtain a certificate of merit until December 14, 1987, and the need to conduct a previously noticed deposition. On December 2, the court granted the ex parte application for dismissal of complaint for failure of Wilburn to file a certificate of merit. The ex parte application and the court's order were filed on December 3.

### Discussion

 Wilburn contends the court abused its discretion by dismissing the case without requiring a noticed motion. Wilburn cites California Rules of Court, rule 325(f), as requiring the noticing of a motion to dismiss after failure to amend. Oakland Hospital responds that an ex parte application to dismiss after failure of the party to amend does not require a noticed motion, and we agree. *Sadler v. Turner* (1986) 186 Cal.App.3d 245 [230 Cal.Rptr. 561], held no notice was required on an ex parte application to dismiss after failure of the other party to amend after sustaining of a demurrer. The underlying reason for allowing dismissal without notice after failure to amend is that the losing party has already been entitled to a full hearing on the merits.[1] (*Id.* at p. 250, fn. 6; *Oppenheimer v. Deutchman* (1955) 132 Cal.App.2d Supp. 875 [281 P.2d 650].) The *Sadler* court held rule 325(f), requiring a noticed motion, conflicted with Code of Civil Procedure section 581, subdivision (c), which does not require a noticed motion. The California Rules of Court section is therefore invalid since the Judicial Council may only make rules which are not inconsistent with statute. (*Sadler v. Turner, supra,* 186 Cal.App.3d at p. 249.)

 Since *Sadler,* Code of Civil Procedure section 581 has been repealed (Stats. 1986, ch. 540, § 7) and simultaneously reenacted with certain changes (Stats. 1986, ch. 540, § 8). The substance of former subdivision (c) is now contained in subdivision (f)(2) which states: "The court may dismiss the complaint as to that defendant when: . . . after a demurrer to the complaint is sustained with leave to amend, the plaintiff fails to amend it within the time allowed by the court and either party moves for dismissal." Wilburn was initially given 60 days to amend the complaint, however, after the lapse of almost 10 months Wilburn still had not amended the complaint. The court was entitled to dismiss the complaint without a noticed motion.

Wilburn further argues the court violated its own policy by dismissing the complaint without a noticed motion. Wilburn cites Alameda County rule of court 902 as requiring 24-hour notice of the date and time to the

---

[1] We note Wilburn did not appear at the hearing on the demurrer.

adverse party of an ex parte application. This rule requires, as policy, 24-hour notice, unless the application contains a declaration stating notice should not be required. Oakland Hospital's ex parte application cited *Sadler* v. *Turner, supra,* 186 Cal.App.3d 245, as authority for the granting of the dismissal without a noticed motion. ■ Local rules have the force of the law only when there is no legislative direction to the contrary. (*Iverson* v. *Superior Court* (1985) 167 Cal.App.3d 544, 547-548 [213 Cal.Rptr. 399].) ■ Therefore, local rule 902 may not override the authority of Code of Civil Procedure section 581, subdivision (f)(2), which does not require a noticed motion after the plaintiff has failed to amend in the time allowed. However, since Oakland Hospital's application also complied with the local rule by stating authority for the lack of a noticed motion, the court did follow its policy.

Further, Wilburn argues granting the dismissal without a noticed motion violated a due process requirement of the right to present oral argument. Oakland Hospital contends there was no violation of due process and the presentation of oral argument is within the discretion of the court. As discussed previously, Wilburn was not entitled to notice of the ex parte application since she did not amend her complaint within the time allowed. In this case, however, Wilburn did receive actual notice by receipt of a copy of the ex parte application as shown by the proof of service by mail and the filing of opposition by Wilburn 10 days prior to the actual filing of the ex parte application. ■ The decision to listen to oral argument on a motion is within the discretion of the court, and the court may decide a motion solely on the basis of the supporting affidavits. (*In re Marriage of Lemen* (1980) 113 Cal.App.3d 769, 784 [170 Cal.Rptr. 642]; *Muller* v. *Muller* (1956) 141 Cal.App.2d 722, 731 [297 P.2d 789].) ■ Although notice of the application was not mandatory, the record is clear that Wilburn did receive timely notice and filed timely opposition to the application. Therefore, Wilburn was not denied any due process rights, but was provided greater rights than required by law.

■ Oakland Hospital argues this appeal is frivolous and they are entitled to sanctions. Wilburn does not respond to this argument. Code of Civil Procedure section 907 and California Rules of Court, rule 26(a), provide for the awarding of sanctions by the reviewing court when the appeal is frivolous or taken solely for delay. ■ An appeal should be held frivolous only when it is prosecuted for any improper motive—to harass the respondent or delay the effect of an adverse judgment—or when it indisputably has no merit—when any reasonable attorney would agree that the appeal is totally and completely without merit. However, an appeal that is simply without merit is not by definition frivolous. The borderline between a frivolous appeal and one which has no merit is vague, therefore the punishment

for a frivolous appeal should be used most sparingly to deter only the most egregious conduct. (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650-651 [183 Cal.Rptr. 508, 646 P.2d 179].)

■ Respondent does not contend, nor does the record indicate, the appeal was taken for the sole purpose of delay or harassment. Although we have determined this appeal is without merit, we do not find the facts to support a holding of egregious conduct justifying sanctions. We therefore decline to assess sanctions against appellant.

The dismissal is affirmed.

Smith, Acting P. J., and Peterson, J., concurred.