[No. B066739. Second Dist., Div. Four. July 7, 1994.]

JERRY GITMED, Plaintiff and Appellant, v.
GENERAL MOTORS CORPORATION, Defendant and Respondent.

**COUNSEL**

Jerry Gitmed, in pro. per., Taylor & Hodges and Norman F. Taylor for Plaintiff and Appellant.

Wilson & Becks, Ronald N. Wilson, Matthew Scott Duncan and Stanley A. Zamel for Defendant and Respondent.

**OPINION**

**HASTINGS, J.**—In this opinion, we hold that the trial court abused its discretion in dismissing an action after appellant filed his amended complaint one day late. We also hold that where the amended complaint has been served on the defendant before the defendant moves to dismiss the action,

the defendant must give notice of any application or motion to dismiss or strike to the opposing party.

### FACTS

On September 10, 1986, appellant Jerry Gitmed purchased a new automobile from respondent General Motors Corporation (GMC). In January of 1987, the car experienced engine and electrical system malfunctions. These malfunctions relating to the brake, transmission, hydraulic and fuel systems plagued the car on a persistent basis through November 1988. Respondent apparently was not able to repair the car.

On October 15, 1991, appellant filed this action against respondent, alleging breach of express warranty, breach of implied warranty and violation of the Song-Beverly Consumer Warranty Act (Civ. Code, § 1790 et seq.). Respondent demurred to the complaint on the ground that it failed to state facts sufficient to constitute a cause of action in that all claims were time-barred by Code of Civil Procedure sections 335, 337, subdivision 1, 338 and 339.[1] Appellant filed opposition and requested leave to amend if the demurrer was sustained, asserting that he "could clearly state facts sufficient to overcome" a demurrer. On January 24, 1992, the trial court sustained the demurrer and granted appellant 20 days leave to amend. Both parties waived notice of the order in open court, and therefore the time for leave to amend ran on February 13th.

On February 14th, appellant filed and served his first amended complaint. On February 24th, respondent, without notice to appellant, brought an ex parte application for order of dismissal pursuant to section 581, subdivision (f)(2). Attached to that motion was the declaration of GMC Attorney Veronica Wilson in which she admitted receiving appellant's amended complaint and further stated that a telephone call by her office to the court clerk could not confirm whether the amended complaint had been filed.[2] The trial court granted the ex parte application and dismissed appellant's complaint despite the fact that respondent had been served with the amended complaint and appellant had not given notice of the motion to dismiss.[3]

Appellant contends that the trial court's dismissal of his complaint without affording him notice was a violation of due process. He argues that this was

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise noted.

[2] Appellant argues that a telephone call to the court clerk is an inadequate basis on which to rest a determination whether a complaint has been filed, as opposed to checking with the court personally, because a complaint may take weeks or months to be entered into the register or find its way to the file. We agree.

[3] We believe that the court was remiss in not requiring counsel for GMC to call appellant's counsel and give notice of the ex parte application, knowing that an amended complaint had been served from which the court could infer it had also been filed.

particularly egregious in light of the fact that the amended complaint had been filed and served only one day late, and before respondent made its ex parte motion to dismiss. Alternatively, appellant argues that the trial court erroneously sustained respondent's demurrer because the original complaint contained no dates which triggered any statute of limitation.[4]

DISCUSSION

■ The decision to dismiss an action under section 581, subdivision (f)(2) rests in the sound discretion of the trial court and a reviewing court will not disturb the ruling unless the trial court has abused its discretion. (*Harding* v. *Collazo* (1986) 177 Cal.App.3d 1044, 1054 [223 Cal.Rptr. 329].) It is appellant's burden to establish an abuse of discretion. (*Tandy Corp.* v. *Superior Court* (1982) 129 Cal.App.3d 734, 741 [181 Cal.Rptr. 319].) ■ In this regard, appellant has presented uncontradicted evidence that the amended complaint was filed and served prior to the date respondent sought the ex parte dismissal.

The facts here are similar to those in *Brown* v. *Brown* (1959) 169 Cal.App.2d 54 [337 P.2d 140]. *Brown* involved a demurrer which was sustained with 10 days leave to amend. Plaintiffs filed their amended complaint nine months later. Forty-nine days after the amendment was filed, the defendants moved to dismiss the complaint pursuant to section 581, subdivision 3[5] because the amendment had not been timely filed. The trial court granted the motion. On appeal, the court reversed and compared the situation to section 585 default proceedings, holding that: " '[t]he plaintiff, by his inaction, loses the right to have a default and default judgment entered *as a matter of course, but the defendant does not gain an absolute right to file a belated answer.* . . . The answer, filed after the time has elapsed, may, *in the court's discretion* . . . , be *stricken out* on motion of the plaintiff, and then the default may be entered.' " (*Brown* v. *Brown, supra,* 169 Cal.App.2d at p. 57.) This analogous reasoning squares section 581, subdivision (f)(2) with other pleading situations where ". . . it is generally recognized that an untimely pleading is not a nullity, and it will serve to preclude the taking of

---

[4]In light of our decision to reverse, we need not and we do not reach the merits of this argument. Also, the filing of the amended pleading renders this issue moot.

[5]This section was repealed and replaced with a new section similar in all material respects. Section 581, subdivision 3 provided: "An action may be dismissed in the following cases: [¶] . . . . [¶] 3. . . . after a demurrer to the complaint has been sustained with leave to amend, the plaintiff fails to amend it within the time allowed by the court, and either party moves for such dismissal."

The new section 581, subdivision (f)(2) provides: "(f) The court may dismiss the complaint as to that defendant when: [¶] . . . . [¶] (2) Except where Section 597 [trial on defenses] applies, after a demurrer to the complaint is sustained with leave to amend, the plaintiff fails to amend it within the time allowed by the court and either party moves for dismissal."

default proceedings unless it is stricken. [Citations.]" (*A & B Metal Products* v. *MacArthur Properties, Inc.* (1970) 11 Cal.App.3d 642, 647 [89 Cal.Rptr. 873].) Accordingly, once the amended pleading is filed, the court must first grant a motion to strike the pleading before the action can be dismissed.[6]

Applying the *Brown* rule to the matter at bar, we conclude that the filing of the amended complaint prevented the trial court from entertaining the motion to dismiss. The proper procedure would have been for the defendant to bring a motion to strike the amendment *before* moving to dismiss the complaint. The trial court could then have chosen to exercise its discretion to strike the amendment as untimely and thereafter entertained a motion to dismiss the action.[7] This result brings section 581, subdivision (f)(2) into harmony with section 585 default proceedings.

With regard to notice, respondent argues that section 581, subdivision (f)(2) does not require a noticed motion, or notice, before a trial court dismisses an action when the amended complaint has not been filed, citing *Wilburn* v. *Oakland Hospital* (1989) 213 Cal.App.3d 1107 [262 Cal.Rptr. 155]; *Sadler* v. *Turner* (1986) 186 Cal.App.3d 245 [230 Cal.Rptr. 561]; and *Oppenheimer* v. *Deutchman* (1955) 132 Cal.App.2d Supp. 875 [281 P.2d 650]. Generally speaking, this is a correct statement of law. However, we find these cases not applicable to this situation.

---

[6]*Daniels* v. *Daniels* (1955) 136 Cal.App.2d 224 [288 P.2d 910], also involved a belated filing of an amended complaint prior to the time defendant moved for dismissal under section 581, subdivision 3. The *Daniels* court affirmed dismissal of the complaint and held " '[w]hen plaintiff failed to amend its complaint within the time specified, the right of the plaintiff so to do ceased. The order became equivalent to a judgment and could be reviewed only in the modes prescribed by statute.' " (*Daniels* v. *Daniels, supra*, 136 Cal.App.2d at pp. 227-228, quoting and relying on *Lincoln Holding Corp.* v. *Union Indem. Co.* (1933) 129 Cal.App. 399, 401 [18 P.2d 744].) However, the case relied upon in *Daniels, Lincoln Holding,* involved facts irreconcilable with those in *Daniels, Brown,* and the instant case. *Lincoln Holding* involved an appeal by a plaintiff whose complaint was dismissed after it failed to amend its pleading subsequent to the trial court denying defendant's motion for judgment on the pleadings on condition that plaintiff amend the complaint within five days. The court held that the judgment became effective on the fifth day as a matter of law when the amended complaint was not timely filed because the condition holding the judgment at bay was not met. Furthermore, unlike *Daniels, Brown* and the instant case, no amended complaint was ever filed in *Lincoln Holding.* In light of the incompatibility of the rule and result in *Lincoln Holding* with the facts of *Daniels,* we favor the rule and result in *Brown.*

[7]Under the circumstances of this case, that is, a one-day delay, we cannot conceive of what extraordinary circumstances may have existed which would have justified the court to exercise its discretion by granting such a motion to strike had such a motion been brought instead of the motion to dismiss. However, we have no facts before us and certainly cannot pass on the issue. If such a motion to strike is brought after remand, only the facts which could have been presented to the court at the time would be relevant and certainly nothing which has occurred since dismissal of the action would be relevant. Also, if such a motion is brought, and if respondent desires to challenge the amended pleading by way of demurrer, the demurrer will have to also be noticed at the same time. (§ 435, subd. (b).)

We conclude that when an amended pleading has been served, it is incumbent upon the party moving to strike the pleading or dismiss the action to give notice of the motion. We find the fact that respondent gave no notice in this case, after receiving service of the amended complaint, to be a practice not condoned by this court. All of the cases relied upon by respondent relating to notice deal with the concept that, by failing to amend, the plaintiff may be implied to have abandoned the case or to have admitted that no further amendment is possible. That implication cannot be made when the amended pleading has been served.

Respondent also argues that appellant failed to bring a section 473 motion and therefore should not be allowed to challenge the dismissal. Respondent offers no case or statutory authority which requires that before a party can appeal a dismissal, that the party must bring a section 473 motion. There is no such requirement. A judgment of dismissal is an appealable event pursuant to section 904.1.[8]

Based on the foregoing, we find that the trial court abused its discretion in granting the motion to dismiss.

DISPOSITION

The judgment is reversed. Appellant is awarded costs on appeal.

Woods (A. M.), P. J., and Vogel (C. S.), J., concurred.

---

[8]We note that the clerk's transcript does not contain a judgment of dismissal but only references an order granting the motion to dismiss. An appeal will not lie from an order of dismissal. (*Munoz* v. *Florentine Gardens* (1991) 235 Cal.App.3d 1730, 1732 [1 Cal.Rptr.2d 609].) However, it is clear that here the court apparently failed to undertake its ministerial duty of filing a judgment of dismissal after granting the motion. Under the circumstances, an appealable judgment should have been rendered. We therefore elect to treat this appeal as an appeal from that judgment. (*Dominguez* v. *City of Alhambra* (1981) 118 Cal.App.3d 237, 242 [173 Cal.Rptr. 345].)