[No. G032459. Fourth Dist., Div. Three. Sept. 24, 2003.]

POLIBRID COATINGS, INC., Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
SSC CONSTRUCTION, INC., Real Party in Interest.

## COUNSEL

The Mellor Law Firm, Mark A. Mellor; Dunn Koes, Pamela Dunn and Daniel J. Koes for Petitioner.

Greines, Martin, Stein & Richland and Robert A. Olson for Association of Southern California Defense Counsel as Amicus Curiae on behalf of Petitioner.

No appearance for Respondent.

Kamine Ungerer and Bernard S. Kamine for Real Party in Interest.

**OPINION**

**SILLS, P. J.—**

I

SSC Construction contracted with a water authority to build a water reclamation plant. It subcontracted with a painter, KNK Painting, to do the paint and waterproofing work. (Wastewater is apparently highly corrosive, so the interior coating of a tank must be good.) In October 2001 SSC sued KNK Painting for defective and dilatory work on the reclamation project.

More than 14 months later, in January 2003, KNK Painting filed an amended cross-complaint naming Polibrid Coatings, a paint manufacturer, and Polibrid's distributor Carboline, as cross-defendants for equitable indemnity. The theory was that they had supplied defective paint for the project. Polibrid was served in mid-January 2003. That meant it was brought into the case more than one year and two months after the complaint was filed.

Polibrid filed its answer in late March 2003. At that point trial was set for June 30, 2003.

In early May 2003, Polibrid filed an ex parte motion to speed up the hearing on a motion to continue the trial (and push back the discovery cut-off dates). It succeeded in having the motion to continue set for May 30, 2003. By oral argument on that date, Polibrid's counsel had gained some information to the effect that it wasn't Polibrid's paint after all that had been used in the project. (As he told the court, "Our client did not manufacture the primer product that is at issue.") Accordingly, Polibrid sought a *six-month* continuance of trial to give it adequate time to do sufficient discovery to prepare and schedule a timely summary judgment motion. (Under recent amendments to section 437c of the Code of Civil Procedure, scheduling a summary judgment motion requires considerable preplanning: Subdivision (a) of the statute requires no less than a *75*-day notice of motion, and also that the motion be scheduled so that it is heard no less than 30 days prior to trial. That doesn't count the time needed to properly prepare such a motion.)

Polibrid got a continuance of the trial, but not one long enough to bring a summary judgment motion. The trial court continued trial from June 30 to October 14, which was only four months. (Polibrid also was given its own discovery cut-off date based on the new trial date.) Despite the fact that Polibrid was served more than 14 months into the case, the trial court felt bound by the so-called Fast Track rules to put an outside limit of two years from the filing date to the trial. (Rule 208(b) of the California Rules of Court states that "The goal of the court is to manage general civil cases from filing to disposition as provided under sections 2.1 and 2.3 of the California Standards of Judicial Administration." Section 2.1(c)(3) of the California Standards of Judicial Administration states in pertinent part: "Each superior court should process general civil cases to meet the following goals: [¶] . . . [¶] (3) After January 1, 1991, all cases should be disposed within two years of filing.")

In late June 2003 Polibrid then filed this petition for writ of mandate. This court invited informal opposition. SSC's opposition made the point that there were 137 days from May 30 to October 14, 2003, and Polibrid should have answered sooner after it was served in January. Ergo, Polibrid's failure to get a summary judgment motion timely on calendar was its own fault.

On August 1, 2003 this court stayed the trial and scheduled a hearing on an order to show cause as to why the trial court should not set aside its order of May 30, 2003 denying a motion for a continuance sufficient to file a summary judgment motion. SSC was invited to file a formal reply by September 10, 2003.

SSC, however, has chosen not to make a formal reply, but simply file an appearance. Recognizing that our August 1, 2003 order had the effect of granting Polibrid's request for a writ of mandate, SSC has essentially chosen to play dead. "Real party in interest," it says, "has neither the resources nor inclination to participate in this proceeding," and it has urged this court to "issue the peremptory writ as soon as possible so that the trial can proceed at the earliest possible date."

■ Very well. We need only point out that Polibrid was correct in its initial petition when it asserted that the fast track rules must give way to the statutory right to bring a summary judgment motion. When state rules conflict with statutes, it is the state rule that must give way. (*Iverson v. Superior Court* (1985) 167 Cal.App.3d 544, 547–548 [213 Cal.Rptr. 399] [striking down rule 317(a) of the California Rules of Court to the degree to which it required filing opposition papers five "court days" before the hearing when the relevant statute allowed filing such papers five "calendar" days before the hearing].) That principle would seem to have particular force in a case such as this one, where the state rule, by its terms, is merely a "goal" and courts are only directed that they "should" process all cases within two years of filing.

■ Even under current rules courts retain the power to exempt a general civil case from time disposition goals if it involves exceptional circumstances that prevent the court and parties from meeting those goals. (Cal. Rules of Court, rule 209(d).) Rule 210 of the California Rules of Court lists a number of factors which bear on parties belatedly brought into the litigation and their right to bring a summary judgment motion, including "(3) Number of parties with separate interests;" "(4) Number of cross-complaints and the subject matter;" "(6) Difficulty in identifying, locating, and serving parties;" "(15) Nature and extent of law and motion proceedings anticipated;" and, if those weren't enough, "(18) Any other factor that would affect the time for disposition of the case." We think it plain that in a case where a litigant is

brought into litigation after 14/24ths of the time to litigate it has passed, these factors would dictate at least enough time for that party to reasonably complete discovery and bring a summary judgment motion. Moreover, any perceived tendency to overvalue disposition guidelines is the subject of recent amendments proposed by the Judicial Council to adjust fast track guidelines. (See generally Brusavich, *Making Time: Bench Bar Should Comment on Recommended Changes in Fast-Track Rules*, L.A. Daily J. (Sept. 15, 2003) p. 6; see *Yao v. Anaheim Eye Medical Group, Inc.* (1992) 10 Cal.App.4th 1024, 1028–1029, fn. 2 [12 Cal.Rptr.2d 856].)

We recognize that during the time this writ proceeding has been pending, Polibrid may have held off on preparing a summary judgment motion. Summary judgment motions are usually expensive to prepare and a client may not want to incur the expense of proceeding on the off chance that a Court of Appeal may grant a writ petition guaranteeing adequate time to bring it. Accordingly, let a peremptory writ of mandate issue directing the trial court to vacate its May 30, 2003 order and enter a new and different order granting Polibrid's motion to continue the trial for at least six months from the date of this opinion, i.e. September 24, 2003. Petitioner will recover its costs in this proceeding.

Rylaarsdam, J., and Fybel, J., concurred.

On October 21, 2003, the opinion was modified to read as printed above.