Filed 5/8/26  Daniel v. Public Storage CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| DARIEN DANIEL,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>PUBLIC STORAGE,<br><br>    Defendant and Respondent. | B337705<br><br>(Los Angeles County<br>Super. Ct. No.<br>22STCV02807) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michael Small, Judge.  Affirmed.

Darien Daniel, in pro. per., for Plaintiff and Appellant.

Lewis Brisbois Bisgaard & Smith, Raymond K. Wilson, Jr., and Demian M. Casey for Defendant and Respondent.

_____

Plaintiff and appellant Darien Daniel appeals from a judgment in favor of defendant and respondent Public Storage, also known as Shurgard Storage Centers LLC Public Storage #08509 (Public Storage), following Daniel's failure to timely file a third amended complaint in this contract action. On appeal, Daniel contends the trial court erred by: (1) refusing to provide an extension of time to file a third amended complaint; (2) allowing a small claims case to proceed concurrently; and (3) ruling on a statement of disqualification.

We conclude the trial court did not abuse its discretion by refusing to extend the time for Daniel to file a third amended complaint and dismissing the contract action without prejudice. In addition, there is no evidence that a proper order to abate the small claims matter was requested or refused, and in any event, no harm has been shown. Lastly, Daniel presented no evidence or argument showing a due process violation. Therefore, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On January 24, 2022, Daniel, representing himself, filed an action against Public Storage for breach of contract (the contract action). He did not attach a copy of the contract or allege a contract provision that was breached. Public Storage filed a demurrer in March 2022.

On May 4, 2022, Public Storage filed a separate small claims case against Daniel (the small claims case).

On November 1, 2022, the trial court in the contract action sustained the demurrer with leave to amend. In December 2022,

2

Public Storage filed an ex parte application for an order of dismissal for failure to timely file an amended complaint, but after Daniel filed an amended complaint on November 21, 2022, Public Storage withdrew the ex parte application. The amended complaint did not attach a copy of the complaint or allege any specific contract provision that was breached.

In December 2022, Public Storage filed a demurrer to the amended complaint. On January 18, 2023, Daniel filed an opposition to the demurrer. He included a request for judicial notice of several purported facts, including that the small claims case should be combined with the contract action. In February 2023, the matter was reassigned from Judge Steven Kleifield to Judge Michael Small.

On March 2, 2023, Daniel filed a document entitled "Judicial Notice to Hon. Judge Kleifield; Brief for Defendants Motion to Strike, Demurrer and CMC." At the end of the document, he requested the small claims case be combined with the contract action. After a hearing on the demurrer on March 14, 2023, Judge Small sustained the demurrer to the amended complaint with leave to amend. The court noted that the document Daniel filed on March 2, 2023, had been reviewed, but was not considered for the purposes of the hearing because it appeared to be an unauthorized supplemental opposition pleading. The court added, "To the extent that Plaintiff is seeking in the March 2, 2023 filing to relate this case to a small claims case between the parties, Plaintiff must file a notice of related case on Form CM-015."

Daniel filed a second amended complaint against Public Storage on April 13, 2023. He did not attach a copy of the contract or allege specific contract terms that were breached.

Public Storage filed a demurrer to the second amended complaint. Daniel opposed the demurrer to the second amended complaint.

The small claims case was called for trial on October 20, 2023. Daniel filed a motion to disqualify the small claims court judge under Code of Civil Procedure, section 170.1, which was deemed untimely.[1] After trial, the small claims court entered judgment on November 6, 2023, in favor of Public Storage, in the total amount of $2,459.80.

In the contract action, on December 14, 2023, Judge Michael Small sustained the demurrer to the second amended complaint with leave to amend. The court notified Daniel to file a third amended complaint by January 19, 2024. On January 31, 2024, Public Storage filed an ex parte application for an order of dismissal for failure to timely amend the complaint.

Daniel filed an opposition to the ex parte application. He sought an extension of time to file a third amended complaint pursuant to sections 473 and 1054, subdivision (a). He asserted that his investigation of Public Storage and opposing counsel was so overwhelming that he needed an extension of time to file the third amended complaint, or he would have to edit and amend the complaint again to include new allegations against Public Storage. He included a motion to disqualify opposing counsel and a notice of related case that referred to the small claims case.

On February 2, 2024, Judge Small granted the ex parte application and ordered the action dismissed without prejudice for failure to timely amend. On March 29, 2024, Daniel filed an appeal from the February 2, 2024 order. On May 7, 2024, Judge

_____

[1] All further statutory references are to the Code of Civil Procedure unless otherwise stated.

4

Small entered judgment in favor of Public Storage against Daniel and awarded costs of $3,753.48 to Public Storage. In the interests of justice, we deem the premature notice of appeal to have been filed following the appealable May 7, 2024 judgment.

On November 20, 2024, Daniel filed a motion for disqualification of Judge Small under sections 170.1 and 170.3, which was stricken by the court. On December 30, 2024, Daniel filed a petition for writ of mandate in this court, seeking review of the trial court's order striking his November 2024 motion for disqualification (Case No. B343052). The petition was denied on the grounds that it was untimely and meritless.

On June 10, 2025, Daniel filed a petition for writ of mandate in this court seeking review of an order that Judge Small entered on May 20, 2025, striking a motion for disqualification under section 170.1 (Case No. B346861). The petition was denied for failing to demonstrate error.[2]

## DISCUSSION

### A. Dismissal of Complaint

Daniel contends the trial court abused its discretion by dismissing the complaint. We cannot review the trial court's exercise of discretion, however, because there is no reporter's transcript of the hearing or acceptable substitute. But even if we were to conduct a review based on the incomplete record presented, we conclude from the pleadings that there was no abuse of discretion.

---

[2] Daniel's motion to augment the record in the instant case, filed in this appellate court on January 28, 2026, is granted.

The court may dismiss the complaint "after a demurrer to the complaint is sustained with leave to amend, the plaintiff fails to amend it within the time allowed by the court and either party moves for dismissal." (§ 581, subd. (f)(2).) "The decision to dismiss an action under section 581, subdivision (f)(2) rests in the sound discretion of the trial court and a reviewing court will not disturb the ruling unless the trial court has abused its discretion. [Citation.]" (*Gitmed v. General Motors Corp.* (1994) 26 Cal.App.4th 824, 827.)

A judgment or order of the lower court is presumed to be correct; the appellant has the burden of overcoming this presumption by producing an adequate record affirmatively showing the trial court erred. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1140–1141.) Under California Rules of Court, rule 8.120(b), "[i]f an appellant intends to raise any issue that requires consideration of the oral proceedings in the superior court, the record on appeal must include a record of these oral proceedings in the form of one of the following: [¶] (1) A reporter's transcript under rule 8.130; [¶] (2) An agreed statement under rule 8.134; or [¶] (3) A settled statement under rule 8.137."

In a variety of cases, appellate courts have refused to address the merits of an appellant's contention on appeal when no reporter's transcript or suitable substitute has been provided for a relevant hearing, because we presume on appeal that the trial court's judgment or order is correct and the appellant must affirmatively show error. " 'In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court.' " (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 186–187.) "A

6

reporter's transcript may not be necessary if the appeal involves legal issues requiring de novo review. [Citation.] In many cases involving the substantial evidence or abuse of discretion standard of review, however, a reporter's transcript or an agreed or settled statement of the proceedings will be indispensable." (*Southern California Gas Co. v. Flannery* (2016) 5 Cal.App.5th 476, 483.)

The record in this case is inadequate to demonstrate that the trial court abused its discretion, because there is no reporter's transcript or suitable substitute for the hearing on the ex parte application. Without a record of the trial court proceedings, we cannot review the arguments, concessions, or information presented to the trial court. There is no basis to review any statements by the trial court in the exercise of its discretion. We presume the order is correct unless the record affirmatively demonstrates otherwise, and therefore, no abuse of discretion has been shown on appeal.

Even without a reporter's transcript, however, based solely on the pleadings, we would find no abuse of discretion in the trial court's ruling. In Daniel's opposition to the ex parte application, he relied on section 1054, which allows a court to extend the time to do an act related to the pleadings upon a showing of good cause. Daniel did not, however, show good cause for an extension of time to file a third amended complaint. He made a vague assertion that he had conducted additional investigation of Public Storage and opposing counsel. He did not explain why he had not filed a timely third amended complaint to address the deficiencies that the court previously identified and that he had been given ample opportunity to correct, nor did he make an offer of proof as to any additional claims that he could allege or any personal circumstances that required an extension. Daniel cited

section 473 as well, but provided no information or analysis to explain how that code section applied to this case. There was no argument or declaration satisfying the requirements of section 473. No abuse of discretion has been shown.

## B. Dismissal or Abatement of Small Claims Case

Daniel contends the trial court erred by failing to dismiss or abate the small claims case. He has not provided any citation to the record, however, to show a proper request was made in the trial court to abate the small claims case or that any order was made denying such a request. His request for judicial notice of the small claims case in opposition to demurrer to the second amended complaint was not a request to abate the small claims case, and the trial court properly disregarded his unauthorized supplemental opposition pleading. After the trial court provided direction to Daniel on the correct method to request consolidation, there is no evidence that any party sought to abate or consolidate the cases, and no evidence that any order was made refusing a proper request for consolidation. In any event, we note that Daniel has not shown any harm resulting from the failure to abate the small claims case, because the contract action was properly dismissed due to Daniel's failure to file a timely third amended complaint, leaving the small claims case as the sole proceeding.

## C. Disqualification

Daniel concedes that an order denying disqualification under section 170.1 is generally reviewable only by writ of

8

mandate, but contends Judge Small's denial of statements of disqualification in this case constituted a violation of Daniel's due process rights that may be raised on appeal. Daniel has not, however, provided any citation to the appellate record for a statement of disqualification, an order striking or denying disqualification, or any evidence of a due process violation. There is no evidence of any motion for disqualification of Judge Small prior to May 7, 2024. Proceedings that took place after May 7, 2024, are not reviewable in connection with his appeal from the May 7, 2024 judgment. There is no reporter's transcript or suitable substitute establishing any comments were made by the trial court that reflect judicial bias. Even the limited information provided in Daniel's appellate briefing clearly does not raise a due process claim. No error has been shown.

## DISPOSITION

The judgment is affirmed. Respondent Public Storage is awarded its costs on appeal.

NOT TO BE PUBLISHED.


MOOR, J.

WE CONCUR:


HOFFSTADT, P. J.


BAKER, J.

9