Filed 2/10/15  Anderson v. Los Angeles Unified School Dist. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| RONALD BLAGDEN ANDERSON, SR., <br><br> Plaintiff and Appellant, <br><br> v. <br><br> LOS ANGELES UNIFIED SCHOOL DISTRICT, <br><br> Defendant and Respondent. | B254806 <br><br> (Los Angeles County Super. Ct. No. BC490525) |

 

APPEAL from the judgment of the Superior Court of Los Angeles, Ernest M. Hiroshige, Judge.  Affirmed.

Ronald Blagden Anderson, Sr., pro. per., for Plaintiff and Appellant.

Marcos F. Hernandez, Associate General Counsel I, Alexander Molina, Chief Labor and Employment Counsel, for Defendant and Respondent.

Plaintiff and appellant Ronald Blagden Anderson, Sr., appeals from a judgment after an order granting a summary judgment motion. Anderson filed his operative complaint against defendant and respondent Los Angeles Unified School District (LAUSD) alleging discrimination based on age, race, and gender, in violation of the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12940 et seq.). The trial court sustained a demurrer to the causes of action for race and gender discrimination, because Anderson failed to exhaust administrative remedies with the California Department of Fair Employment and Housing (DFEH). The court then granted LAUSD's motion for summary judgment on the remaining cause of action for age discrimination. Anderson was unable to establish a prima facie case of discrimination and LAUSD offered a legitimate nondiscriminatory reason for the adverse employment action. Anderson did not present evidence that the reasons stated for the adverse employment action were pretextual.

On appeal, Anderson contends the trial court erred in sustaining the demurrer to his operative complaint as to the causes of action for race and gender discrimination. Anderson further contends the court erred in granting summary judgment as to his age discrimination claim. Anderson also contends the trial court erred in imposing $600 in discovery sanctions, denying his "Ex Parte Application for an Order Shortening Time to File a Second Amended Complaint and Extend Time to Oppose Defendant's Motion for Summary Judgment," and striking his three statements to disqualify Judge Ernest M. Hiroshige. We affirm the judgment.

**STATEMENT OF FACTS**

There are no material disputes about the following facts. In 2009, LAUSD's Governing Board authorized a reduction in force of over 3,000 probationary certified employees. The Board also initially authorized the layoff of approximately 2,000 permanent certified employees. However, all of the layoff notices for the permanent certified employees were later rescinded prior to becoming effective.

2

LAUSD had concerns that such a large loss of classroom teachers would negatively affect the stability of the schools and wanted to ensure the best possible continuity of instruction. Many substitutes only possess "emergency 30 day substitute teaching permits," which prohibit them from providing services in any one classroom for more than 30 days in a school year. Utilizing these day-to-day substitutes serving under emergency permits would lead to constant teacher turnover in the classrooms. However, the recently laid-off probationary certified employees possess a California credential which authorized them to teach long-term substitute assignments of more than 30 days.

The California Legislature determined that laid-off certified employees shall be offered priority for substitute assignments during the absence of any other employee. (See Ed. Code, §§ 44956, subd. (a)(5) & 44957, subd. (d).) Education Code section 44959.5 permits a school district with an average daily attendance in excess of 400,000 to negotiate reemployment and substitute priority rights for laid-off probationary certified employees. LAUSD and United Teachers Los Angeles (UTLA) negotiated substitute priority rights for laid-off probationary certified employees pursuant to Education Code section 44959.5. LAUSD and UTLA agreed to grant probationary certified employees laid-off on June 30, 2009, priority for substitute assignments. This agreement granted laid-off LAUSD probationary certified employees rights consistent with all other laid-off certified employees.

Anderson provided service as a substitute teacher for LAUSD for more than 14 years. He was a member of UTLA, therefore subject to the provisions of LAUSD and UTLA's agreement. At the time of employment, Anderson only possessed an "emergency 30 day substitute teaching permit." Anderson objected to the granting of substitute priority for certified employees laid-off on June 30, 2009. During his deposition, Anderson conceded that the only evidence he had of age discrimination was the agreement between LAUSD and UTLA, which is memorialized in a letter dated July 2, 2009. The letter stated that teachers who were laid-off June 30, 2009, and who have been processed for substitute work, will be given priority for day-to-day substitute assignments. "This one time non precedent setting agreement is made to address unique

3

issues related to the reduction in force of UTLA bargaining unit members and will expire on June 30, 2010 unless renegotiated." Anderson admitted that he did not know why LAUSD and UTLA entered into the agreement. He also admitted that prior to filing this lawsuit, he did not know anything about the laid-off employees that had been granted priority substitute rights, but had guesses regarding their races and genders. Anderson conceded that at the time he filed the lawsuit, he had no information regarding the ages of the laid-off employees. He claimed to have knowledge of unknown national studies regarding the races and genders of teachers, but does not make any claims with regard to age. Lastly, Anderson admitted that LAUSD probably wanted to retain the laid-off employees because "most employers . . . don't like to lose employees that you—you know, just the hiring process, you know, it's not cost effective to go out and find employees and hire them. And if you got employees, you should retain 'em." Thousands of permanent certified employees were laid-off in LAUSD in 2010, 2011, and 2012 due to budgetary shortfalls, and each was provided with the same statutory substitute priority rights.

By letter dated March 12, 2012, Anderson was informed that he was dismissed from his substitute status with LAUSD.

## PROCEDURAL HISTORY

**The Verified Complaint**

On August 20, 2012, Anderson filed a verified complaint against LAUSD alleging age, race and gender discrimination, in violation of FEHA. LAUSD demurred to the causes of action for race and gender discrimination for failure to exhaust administrative remedies with the DFEH. On January 22, 2013, the trial court sustained the demurrer with leave to amend for failure to exhaust administrative remedies. The court granted LAUSD's unopposed request for judicial notice of Anderson's DFEH complaint dated August 24, 2010, and Equal Employment Opportunity Commission (EEOC) charge dated

4

August 25, 2010.

**The Verified First Amended Complaint**

On January 30, 2013, Anderson filed a verified first amended complaint alleging the same causes of action in his original complaint. Anderson, a Black male who is over the age of 40, began his employment for LAUSD in December 1997. Anderson alleged that LAUSD discriminated against him based on his age, race, and gender, in that available substitute teaching assignments were wrongfully and unlawfully made available to newly-hired younger, white female substitute teachers who were laid-off on June 30, 2009. Those substitute teachers had less experience at substitute teaching and less seniority than Anderson. As a direct and proximate result, Anderson suffered a substantial loss of income based upon this unlawful employment practice implemented by LAUSD. Anderson contended he "can establish a prima facie case of employment discrimination based on disparate treatment and disparate impact using statistical evidence in the possession, custody and control of [LAUSD]."

**LAUSD's Demurrer**

On February 6, 2013, LAUSD filed a demurrer to Anderson's race and gender discrimination causes of action in the amended complaint. LAUSD noted that Anderson's amended complaint does not include a DFEH complaint of discrimination or a DFEH right to sue notice. Rather, it contains only a DFEH notice of case closure. LAUSD argued Anderson made no effort to correct the deficiencies in the original complaint. Anderson did not exhaust his administrative remedies by filing a complaint of discrimination with the DFEH alleging race or gender discrimination. Therefore, Anderson's race and gender discrimination causes of action are administratively barred and the trial court does not have jurisdiction over these claims.

In support of the demurrer, LAUSD again filed a request for judicial notice of

5

Anderson's complaint of discrimination to DFEH dated August 24, 2010, and Anderson's charge of discrimination to EEOC dated August 25, 2010. Anderson's DFEH complaint and EEOC charge only allege discrimination on the basis of age.

**Anderson's Opposition**

On February 21, 2013, Anderson filed an opposition to the demurrer and requested leave to amend. He contended that he is not precluded from bringing a lawsuit for race and gender discrimination in violation of FEHA, even though he committed a "technical and amendable defect in failing to check [a] box on the DFEH administrative charge form."

**LAUSD's Reply**

On April 5, 2013, LAUSD filed a reply in support of the demurrer to the amended complaint. LAUSD contended that although Anderson alleges discrimination based on age, race, and gender, he did not amend his DFEH complaint to include race or gender discrimination, nor did he file a new complaint based on his race or gender. Moreover, Anderson has failed to address the deficiencies of the original complaint even after being afforded the opportunity to amend. As a result, the defects in his pleadings cannot be cured by amendment. Anderson provides no legal authority as to whether his allegation of age discrimination can also encompass his allegation of race and gender discrimination. Since Anderson's allegations of race and gender discrimination have not been exhausted through the appropriate administrative remedy at law, the demurrer must be granted without leave to amend.

**Trial Court's Ruling on the Demurrer**

On April 16, 2013, the trial court sustained LAUSD's demurrer to the causes of

6

action for race and gender discrimination without leave to amend. The court reasoned that Anderson failed to exhaust his administrative remedies as to the race and gender discrimination claims. The court noted that the issue is not just that Anderson failed to check the box for race or gender discrimination on his DFEH complaint, rather the critical factor is that none of the allegations in the DFEH complaint would have alerted the DFEH to investigate a possible race or gender discrimination claim. The court also granted LAUSD's unopposed request for judicial notice of Anderson's DFEH complaint dated August 24, 2010, and EEOC charge dated August 25, 2010.

**LAUSD's Motion for Summary Judgment**

On August 29, 2013, LAUSD filed a motion for summary judgment based on the remaining cause of action for age discrimination. LAUSD argued that Anderson cannot satisfy his prima facie burden to prove discrimination based on age. There is no evidence that granting recently laid-off certified employees substitute priority was due to any alleged age discrimination. There is no evidence that age was considered in the decision to grant recently laid-off certified employees substitute priority. Anderson has not proffered any other circumstance to suggest discriminatory motive. And even assuming Anderson was able to establish his prima facie case, LAUSD met its burden of producing legitimate, nondiscriminatory business reasons for its actions. Therefore, Anderson must come forward with specific and substantial evidence of pretext to avoid summary judgment. Anderson's claims are based on conjecture and speculation, which is not sufficient to defeat summary judgment.

LAUSD pointed out that one of Anderson's difficulties in this case is that he misinterprets the Education Code. He testified that he believes the laid-off employees are only entitled to reemployment rights, but not substitute rights. However, Anderson's claim is contradicted by the Education Code sections 44956 and 44957.

7

**Anderson's Ex Parte Application**

On September 17, 2013, Anderson filed an ex parte application for an order shortening time to file a second amended complaint and extend time to oppose the motion for summary judgment based on outstanding discovery.[1] Anderson contended the outstanding discovery will affect the outcome of these proceedings and that this discovery is essential to oppose the motion for summary judgment. The trial court took the ex parte application under submission and ordered LAUSD to file and serve an opposition no later than September 19, 2013. No reply or oral argument was ordered.

In its opposition, LAUSD contended that Anderson failed to provide the notice required by California Rules of Court, rule 3.1204. Anderson contacted counsel for LAUSD twice to inform counsel that he would be filing an ex parte application with the court, but refused to share the substance of the request. Anderson sent a facsimile to counsel for LAUSD containing only the caption page of the application and did not set forth the basis for the application. In addressing Anderson's claim of outstanding discovery, LAUSD stated that it responded to Anderson's 11 written discovery requests and Anderson had missed the deadline to move to compel on any of the responses. As such, there is no outstanding discovery. In any event, Anderson has not provided any explanation as to why the purported discovery is relevant or necessary, why he waited until after the filing of the motion for summary judgment to raise this issue, or why this information is necessary to oppose a motion for summary judgment.

On September 20, 2013, the court found the ex parte application "defective in that the Declaration of the Plaintiff Anderson is defective because: there is no statement that any of the 'facts' presented are based on personal knowledge or otherwise admissible; there is no representation that it is submitted under the laws of California re penalty of perjury; and is unsigned. Given these defects the declaration by Anderson is stricken.

---

[1] LAUSD properly served and filed its motion for summary judgment on Anderson on August 29, 2013, providing the requisite time under Code of Civil Procedure section 437c, subdivision (b)(2), to file and serve an opposition.

Therefore under [Civil Code of Procedure] 437c[ subdivision] (h) given there is now no declaration, compliance with the statutory requests for continuance for further discovery is denied." As additional support for its ruling, the court adopted the papers and opposition papers submitted by LAUSD.

**Anderson's Opposition to Summary Judgment**

On October 28, 2013, Anderson filed his opposition to LAUSD's motion for summary judgment. However, Anderson failed to address the merits of the motion and argue there was a triable issue of material fact. Rather, Anderson argued that the court erred in denying his ex parte application because LAUSD's discovery responses to Anderson's latest request would be vital in opposing summary judgment.

**LAUSD's Reply**

In its reply on November 7, 2013, LAUSD contended the trial court cannot consider his opposition because he failed to sign the opposition, his supporting declaration, and the verification attached, in violation of Code of Civil Procedure section 128.7. Moreover, Anderson's opposition is in the nature of an untimely motion for reconsideration of the denial of his ex parte application for an order to postpone the hearing on the motion for summary judgment, or an untimely motion for reconsideration of the denial of his motion to compel further discovery responses. By failing to file an opposition in compliance with the rule 3.1350 of the California Rules of Court, LAUSD's motion for summary judgment stands unopposed. Anderson had essentially conceded the merits of the motion and there is no dispute as to any material fact. Anderson's failure to file a separate statement constitutes a sufficient ground for granting LAUSD's motion (Code Civ. Proc., § 437c, subd. (b)(3)). Lastly, the evidence set forth in LAUSD's moving papers demonstrate that there is no triable issue as to any material fact and that LAUSD is entitled to a judgment as a matter of law.

9

**Trial Court's Ruling on the Motion for Summary Judgment**

On November 19, 2013, LAUSD's motion for summary judgment was granted. Anderson did not appear for the hearing on the motion. In its ruling, the court reasoned that Anderson failed to establish a prima case of discrimination and LAUSD had set forth a legitimate reason for the adverse employment action against Anderson. Anderson has not submitted any evidence in his opposition to establish pretext. He has also not submitted an opposing separate statement, which would be sufficient grounds for granting the motion. Accordingly, Anderson has not met his burden in opposition of showing the existence of a triable issue of fact. Insofar as Anderson challenges the trial court's prior ruling on his ex parte application for an order to postpone the motion for summary judgment hearing, or his motion to compel further discovery responses, the opposition would constitute an untimely motion for reconsideration.

Judgment was entered on January 13, 2014, in favor of LAUSD, and notice of entry of judgment was filed on January 24, 2014. On March 5, 2014, Anderson filed a notice of appeal.

## DISCUSSION

**Demurrer**

Anderson contends the trial court erred in sustaining LAUSD'S demurrer without leave to amend as to his causes of action for race and gender discrimination, in violation of FEHA. We disagree.

### *Standard of Review*

"A general demurrer challenges the legal sufficiency of the complaint on the

ground it fails to state facts sufficient to constitute a cause of action. (Code Civ. Proc., § 430.10, subd. (e); *Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 42-43.) In reviewing a general demurrer, the facts pleaded are assumed to be true and the only issue is whether they are legally sufficient to state a cause of action. '[W]e are guided by long-settled rules. "We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] We also consider matters which may be judicially noticed." [Citation.] Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context. [Citation.] When a demurrer is . . . sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. [Citations.]' (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) Whether a complaint states facts sufficient to constitute a cause of action is a question of law. (*Hernandez v. City of Pomona* (1996) 49 Cal.App.4th 1492, 1497.)" (*Rope v. Auto-Chlor System of Washington, Inc.* (2013) 220 Cal.App.4th 635, 644-645.)

### *Exhaustion of Administrative Remedies*

Government Code section 12960 provides that an employee bringing a FEHA claim must exhaust an administrative remedy by filing an administrative complaint with the DFEH within one year after the alleged unlawful action occurred. (Gov. Code, § 12960, subd. (d); see *Acuna v. San Diego Gas & Electric Co.* (2013) 217 Cal.App.4th 1402, 1412; *Okoli v. Lockheed Technical Operations Co.* (1995) 36 Cal.App.4th 1607, 1613 (*Okoli*).) "To exhaust his or her administrative remedies as to a particular act made unlawful by the [FEHA], the claimant must specify that act in the administrative complaint, even if the [administrative] complaint does specify other cognizable wrongful acts." (*Martin v. Lockheed Missiles & Space Co.* (1994) 29 Cal.App.4th 1718, 1724 (*Martin*).) In the context of FEHA, the failure to exhaust the administrative remedy ""'"is

11

a jurisdictional, not a procedural defect" . . . .'" (*Okoli, supra,* at p. 1613.) It may be raised to challenge plaintiff's cause of action at any stage of a civil proceeding. (See, e.g., *Okoli, supra,* 1607 [on appeal following trial]; *Sandhu v. Lockheed Missiles & Space Co.* (1994) 26 Cal.App.4th 26 Cal.App.4th 846 (*Sandhu*) [demurrer]; and *Rodriguez v. Airborne Express* (9th Cir. 2001) 265 F.3d 890 [summary judgment].)

In this case, Anderson filed one form complaint with the DFEH on August 24, 2010. On the form, Anderson checked the box for age discrimination.[2] Anderson alleged he was denied substitute teacher assignments from July 2009 to November 30, 2009 because of his age (71). Anderson based his beliefs on several instances where LAUSD's "staff and officials made comments demonstrating their preference for younger substitute teachers." Such a preference had been implemented into LAUSD's policy by requiring that teachers laid-off in 2009, all of whom are younger, be called in for substitute assignments over other teachers, most of whom are over the age of 40. Although there had been several complaints about the implemented policy, LAUSD continued to adhere to the discriminatory policy resulting in him earning substantially less in 2009 than in 2008. Anderson's narrative did not mention any form of racial or gender discrimination, and instead discussed his belief that he was discriminated against based on age.

Anderson acknowledges he did not identify race or gender discrimination on the DFEH complaint form, but contends that he is not precluded from bringing those claims because of a "technical and amendable defect" by failing to check a box on an administrative complaint. Anderson seeks to come within an exception permitting recovery on a claim that was "'like or reasonably related to'" the allegations in the administrative complaint. (*Okoli, supra,* 36 Cal.App.4th at p. 1616.) Under this exception, the exhaustion requirement is satisfied if the claims are sufficiently related such that the administrative investigation would "necessarily uncover" the later claims in

___

[2] Anderson also checked the box for sexual orientation discrimination. However, he does not explain any alleged discrimination based on sexual orientation on the form, nor does he address it in any of his complaints or on appeal.

an investigation of the charged incident. (*Id.* at p. 1615; see *Nazir v. United Airlines, Inc.* (2009) 178 Cal.App.4th 243, 266-269; *Baker v. Children's Hospital Medical Center* (1989) 209 Cal.App.3d 1057, 1065.) However, this exception applies only if this relationship requirement is satisfied. "'[W]hen the difference between the charge and the complaint is a matter of adding an entirely new basis for the alleged discrimination,'" the court has no jurisdiction to consider the newly alleged claim. (*Okoli, supra,* at p. 1615.)

Anderson's reliance on *Sandhu* to support his contention is misplaced. In *Sandhu, supra,* 26 Cal.App.4th at p. 849, the plaintiff alleged in his administrative complaint that he was treated differently from other, "'non-Asian'" employees, and checked only "race" as the cause of discrimination. In his superior court complaint, the plaintiff alleged racial discrimination and described himself as an "'East Indian.'" (*Ibid.*) However, the trial court sustained a demurrer based on evidence that a person from India is "'by definition . . . [a] Caucasian'" and thus cannot recover for race discrimination. (*Id.* at p. 850.) In his amended complaint, the plaintiff alleged he was "'an East Indian male whose national origin is Punjab, India . . . .'" and alleged discrimination based on this national origin. (*Ibid.*) The court then granted a demurrer because the plaintiff identified racial discrimination and not national origin discrimination in his administrative complaint. (*Ibid.*)

The *Sandhu* court reversed. After a lengthy discussion on the analytical difficulties in differentiating between race and national origin, the court concluded: "Discriminators . . . may indeed be 'poor anthropologists' [citation]; any scientific definition of race has little to do with the realities of racial discrimination. Sandhu alleged both in his administrative charge and in his complaints that he was treated differently from other, 'non-Asian' Lockheed employees. Like other plaintiffs whose ancestry, descent and national origin are all intimately related, [citations] Sandhu may not and need not be aware of the precise basis of Lockheed's disparate treatment of him: whether it was his accent, his skin color, his ancestry or his nationality. . . . Sandhu's allegation that he was subject to a discriminatory animus based on his membership in a group which is perceived as distinct when measured against other Lockheed employees,

13

and which is not based on his birthplace alone, is sufficient to make out a cognizable claim for racial discrimination under FEHA." (*Sandhu, supra,* 26 Cal.App.4th at p. 857.)

This case is different. Unlike the categories of race and national origin, there are substantial distinctions between the categories of age, race, and gender. To permit Anderson to pursue causes of action for race and gender discrimination would undermine vital policy interests embodied in FEHA, i.e., the resolution of disputes and elimination of unlawful employment practices by conciliation. (Gov. Code, §§ 12930, 12935, 12963.7; Gelb and Frankfurt, *California's Fair Employment and Housing Act: A Viable State Remedy for Employment Discrimination* (1983) 34 Hastings L.J. 1055, 1061-1062.) Anderson charged specific conduct in his administrative complaint involving age discrimination. There is no evidence that he merely mistakenly checked the wrong box. None of the allegations in the DFEH complaint would have alerted the DFEH to investigate a possible race or gender discrimination claim. (See *Hobson v. Raychem Corp.* (1999) 73 Cal.App.4th 614, 631 ["Nothing in the charge could thus have reasonably been expected to lead to an investigation of whether the colitis was accompanied by or was merely a symptom of some other disability"], disapproved on other grounds in *Colmenares v. Braemar Country Club, Inc.* (2003) 29 Cal.4th 1019, 1031, fn. 6; see also *Yurick v. Superior Court* (1989) 209 Cal.App.3d 1116, 1123 [DFEH complaint for gender discrimination did not exhaust administrative remedies on claim for age harassment].) Anderson has not shown how he could remedy this defect in his opposition to the demurrer. Accordingly, the court properly sustained the demurrer to the causes of action for race and gender discrimination.

**Summary Judgment**

Anderson contends the trial court erred in granting summary judgment because triable issues of material fact exist as to age discrimination, in violation of FEHA. We find no error in the trial court's rulings. As explained below, LAUSD's showing was sufficient to shift the burden to Anderson to raise a triable issue, which he failed to do.

14

*Standard of Review*

"On appeal after a motion for summary judgment has been granted, we review the record de novo, considering all the evidence set forth in the moving and opposition papers except that to which objections have been made and sustained. [Citation.]" (*Guz v. Bechtel National, Inc.* (2000) 24 Cal.4th 317, 334 (*Guz*).) Thus, we apply "'the same three-step process required of the trial court.'" (*Bostrom v. County of San Bernardino* (1995) 35 Cal.App.4th 1654, 1662.) The three steps are (1) identifying the issues framed by the complaint, (2) determining whether the moving party has made an adequate showing that negates the opponent's claim, and (3) determining whether the opposing party has raised a triable issue of fact. (*Ibid.*)

Generally, "the party moving for summary judgment bears an initial burden of production to make a prima facie showing of the nonexistence of any triable issue of material fact; if he carries his burden of production, he causes a shift, and the opposing party is then subjected to a burden of production of his own to make a prima facie showing of the existence of a triable issue of material fact." (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850.) Furthermore, in moving for summary judgment, "all that the defendant need do is show that the plaintiff cannot establish at least one element of the cause of action—for example, that the plaintiff cannot prove element X." (*Id.* at p. 853.)

Although we independently assess the grant of summary judgment (*Lunardi v. Great-West Life Assurance Co.* (1995) 37 Cal.App.4th 807, 819), our inquiry is subject to several constraints. Under the summary judgment statute, we examine the evidence submitted in connection with the summary judgment motion, with the exception of evidence to which objections have been appropriately sustained. (*Mamou v. Trendwest Resorts, Inc.* (2008) 165 Cal.App.4th 686, 711; Code Civ. Proc., § 437c, subd. (c).) Furthermore, our review is governed by a fundamental principle of appellate procedure, namely, that "'[a] judgment or order of the lower court is presumed correct,'" and thus,

15

"'error must be affirmatively shown.'" (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564, italics omitted, quoting 3 Witkin, Cal. Procedure (1954) Appeal, § 79, pp. 2238-2239.)

Under this principle, Anderson bears the burden of establishing error on appeal, even though LAUSD had the burden of proving their right to summary judgment before the trial court. (*Frank and Freedus v. Allstate Ins. Co.* (1996) 45 Cal.App.4th 461, 474.) For this reason, our review is limited to contentions adequately raised in Anderson's briefs. (*Christoff v. Union Pacific Railroad Co.* (2005) 134 Cal.App.4th 118, 125-126.) In addition, to overcome the presumption of correctness, Anderson is required to provide a record sufficient to show error. (*Lincoln Fountain Villas Homeowners Assn. v. State Farm Fire & Casualty Ins. Co.* (2006) 136 Cal.App.4th 999, 1003, fn. 1.)

### *Age Discrimination*

Under FEHA, discrimination claims are ordinarily evaluated in light of a three-stage burden shifting test. (*Guz, supra,* 24 Cal.4th at p. 354.) Under the test, had Anderson reached trial on his claim, he "would . . . have borne the initial burden of proving unlawful discrimination, under well-settled rules of order of proof: '[T]he employee must first establish a prima facie [showing] of wrongful discrimination. If she does so, the burden shifts to the employer to show a lawful reason for its action. Then the employee has the burden of proving the proffered justification is mere pretext.' [Citations.]" (*Martin, supra,* 29 Cal.App.4th at p. 1730.) However, as LAUSD's summary judgment motion offered a nondiscriminatory rationale for its conduct, we need not address the existence of a prima facie case. (*Guz, supra,* at p. 357.) As we explain below, because LAUSD's showing shifted the burden on summary judgment to Anderson, our focus is on whether Anderson identified sufficient evidence that the proffered rationale was a pretext for discrimination.

To establish that LAUSD had a legitimate, nondiscriminatory basis for its conduct, LAUSD relied on a declarations of Justo Avila, Deputy Chief Human Resources Officer

16

at LAUSD, Marjorie Josaphat, Director of Human Resources at LAUSD, and Marcos F. Hernandez, counsel for LAUSD. LAUSD attached the July 2, 2009 agreement between LAUSD and UTLA, Board reports addressing the reduction in force of permanent certified employees in 2010, 2011, and 2012, and Anderson's deposition transcript dated June 4, 2013. The evidence established that LAUSD had concerns that such a large loss of classroom teachers would negatively affect the stability of the schools and wanted to ensure continuity of instruction as best as possible. Utilizing day-to-day substitutes serving under emergency permits would lead to constant teacher turnover in the classrooms. The laid-off teachers who possess a California credential authorizing them to teach long-term substitute assignments of more than 30 days would adequately address LAUSD's concerns over continuity of instruction. LAUSD and UTLA agreed to grant laid-off probationary employees priority for substitute assignments pursuant to Education Code section 44959.5. LAUSD noted that thousands of permanent certified employees were laid-off in LAUSD in 2010, 2011, and 2012, and each was provided with the same statutory substitute priority rights.

Based on the evidence, LAUSD has set forth a legitimate reason for the adverse employment action against Anderson. Anderson failed to object to any of LAUSD's evidence submitted in its motion for summary judgment. Accordingly, LAUSD has met its burden of showing that no triable issue exists on Anderson's age discrimination cause of action.

The burden on summary judgment therefore shifted to Anderson to demonstrate that the actual motive of LAUSD was discriminatory. (*Guz, supra,* 24 Cal.4th at p. 361.) To carry this burden, Anderson could not rely on the allegations in his amended complaint, insofar as LAUSD's showing disputed them. (*Sangster v. Paetkau* (1998) 68 Cal.App.4th 151, 162; *Conn v. National Can Corp.* (1981) 124 Cal.App.3d 630, 639.) Rather, Anderson was required to offer "substantial evidence that the employer's stated nondiscriminatory reason for the adverse action was untrue or pretextual, or evidence the employer acted with a discriminatory animus, or a combination of the two, such that a reasonable trier of fact could conclude the employer engaged in intentional

17

discrimination." (*Hersant v. Department of Social Services* (1997) 57 Cal.App.4th 997, 1005.) "For this purpose, speculation cannot be regarded as substantial responsive evidence. [Citation.]" (*Martin, supra,* 29 Cal.App.4th at p. 1735.)

In view of the record before us, we agree with the trial court that Anderson failed to carry his burden. In opposition, Anderson had not submitted any evidence to establish pretext. Anderson does not attack the merit of LAUSD's motion, rather he argues that it was error to deny his ex parte application to extend the time to file an opposition to the motion for summary judgment because of outstanding discovery responses. Anderson then fails to identify how this alleged outstanding discovery responses would overcome summary judgment. By failing to provide evidence in opposition to LAUSD's motion for summary judgment, Anderson's opposition is inadequate under rule 3.1350(e) of the California Rules of Court. Anderson also did not submit an opposing separate statement, which would be a sufficient ground for granting the motion. (Code of Civ. Proc., § 437c, subd. (b)(3).) Ignoring the technical deficiencies, Anderson conceded in his deposition that the only evidence he has of age discrimination is the LAUSD and UTLA agreement memorialized in a letter dated July 2, 2009. He freely admitted that he did not know why LAUSD and UTLA entered into the agreement. Anderson also admitted that prior to filing the lawsuit he did not know anything about the laid-off employees who had been granted priority substitute rights, including their ages. Under these circumstances we conclude, as a matter of law, that Anderson has failed to point to evidence raising a triable issue that LAUSD's proffered reasons for its actions were a pretext for prohibited age discrimination. LAUSD is therefore entitled to summary judgment on this claim.

**Ex Parte Application**

Anderson contends the trial court erred in denying any oral argument in reply to LAUSD's opposition to his ex parte application. We disagree.

"The decision to listen to oral argument on a motion is within the discretion of the court, and the court may decide a motion solely on the basis of the supporting affidavits."

18

(*In re Marriage of Lemen* (1980) 113 Cal.App.3d 769, 784; *Muller v. Muller* (1956) 141 Cal.App.2d 722, 731.)" (*Wilburn v. Oakland Hospital* (1989) 213 Cal.App.3d 1107, 1111.) Moreover, the fact that the trial court did not order a reply or oral argument, does not preclude Anderson from requesting to file a reply or oral argument. Anderson made no such request to the trial court.

Based on the appellate record, the denial of the ex parte application was not an abuse of discretion. The trial court struck Anderson's declaration in support of the application because it did not present facts upon which he had personal knowledge or was otherwise admissible. (Cal. Rule of Court, rule 3.1201(2) & (3).) There were defects in the declaration because there was no representation that it was submitted under penalty of perjury and it was unsigned. (Code of Civ. Proc., § 2015.5.) On appeal, Anderson fails to carry his burden of demonstrating the court abused its discretion without providing an adequate record of the lower court's proceedings. Anderson did not include the reporter's transcript of the September 17, 2013 ex parte application hearing, which is at issue. Anderson only provided this court with the minute order of that hearing. No abuse of discretion has been shown.

**Discovery Sanctions**

Anderson contends that the trial court abused its discretion in ordering him to pay $600 in monetary sanctions to LAUSD. We disagree.

On February 6, 2013, LAUSD filed a motion to compel Anderson to provide discovery responses and also asked the court to impose monetary sanctions. On February 7, 2013, LAUSD received a letter from Anderson to which he attached purported responses to Form Interrogatories-Employment Law and in which Anderson stated he "will not respond to Defendant's First Set of Special interrogatories." Anderson also made other claims regarding his refusal to respond to discovery. On February 8, 2013, LAUSD sent a letter to Anderson reminding him that there were outstanding Form Interrogatories-General, that his objection to the Form Interrogatories-Employment Law

19

have been waived, addressed the inaccurate claims in his correspondence, and reminding Anderson that the motion to compel remained on calendar for April 16, 2013. On March 4, 2013, LAUSD received Anderson's responses to Special Interrogatories without objection. No opposition to LAUSD's motion to compel had been received from Anderson to show that proper responses had been served. On April 9, 2013, LAUSD filed its reply.

On April 16, 2013, the trial court granted LAUSD's motion to compel and ordered Anderson to pay a total of $600 in monetary sanctions to LAUSD within 30 days of its ruling. The court reasoned that sanctions are warranted against Anderson for failing to respond to the Special Interrogatories and Form Interrogatories in a timely fashion. However, the court deemed LAUSD's request for $1,000 in sanctions excessive given the nature and scope of the motion. The court reduced that amount and imposed a total monetary sanction of $600 on Anderson.

We review the court's imposition of discovery sanctions for abuse of discretion. (*Karlsson v. Ford Motor Co.* (2006) 140 Cal.App.4th 1202, 1217; *R.S. Creative, Inc. v. Creative Cotton, Ltd.* (1999) 75 Cal.App.4th 486, 496-497.) The trial court's broad discretion is subject to reversal only if the sanction order is "arbitrary, capricious, whimsical, or demonstrate a '"manifest abuse exceeding the bounds of reason . . . ."'" [Citations.]" (*In re Marriage of Chakko* (2004) 115 Cal.App.4th 104, 108.) This standard applies to challenges to the imposition of monetary sanctions for misuse of the discovery process, the sanction levied here. (*Liberty Mutual Fire Ins. Co. v. LcL Administrators, Inc.* (2008) 163 Cal.App.4th 1093, 1102; *Britts v. Superior Court* (2006) 145 Cal.App.4th 1112, 1123 ["abuse of discretion standard of review ordinarily applies . . . to review of an order imposing discovery sanctions for discovery misuse"].)

It is a well-established rule of appellate procedure that the judgment or order of the lower court is presumed correct. (*Denham v. Superior Court, supra,* 2 Cal.3d at p. 564.) To overcome this presumption, an appellant challenging an order must affirmatively demonstrate prejudicial error. (*Ibid.*) When inquiring into prejudicial error, appellate courts treat all evidentiary conflicts as having been resolved by the trial court in the

20

manner most favorable to its ruling. (*Williams v. Russ* (2008) 167 Cal.App.4th 1215, 1224.) But an appellant cannot carry its burden of demonstrating a prejudicial abuse of discretion without providing the appellate court with an adequate record of the lower court's proceedings. (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574 [appellate record was inadequate to demonstrate error regarding damages awarded because plaintiff failed to include a reporter's transcript of the portion of the trial relating to the issue of damages].)

Here, the appellate record does not include a reporter's transcript of the April 16, 2013 hearing on LAUSD's motion to compel discovery responses and its request for monetary sanctions.[3] Only the trial court's ruling on the motion to compel was included in the record on appeal. Based on a review of the trial court's ruling and LAUSD's motion to compel, Anderson failed to respond to the interrogatories in a timely fashion and failed to file an opposition to the motion to compel. (See Code of Civ. Proc., § 2030.290, subd. (a).) Despite these deficiencies, the court went so far as to substantially reduce the amount of monetary sanctions requested by LAUSD against Anderson from $1,000 to $600. We conclude the court did not abuse its discretion in awarding LAUSD $600 in monetary sanctions. (See Code of Civ. Proc., §§ 2023.010, subd. (d) & 2030.290, subd. (c).)

**Disqualification**

Anderson argues the trial court erred when it struck his three statements of disqualification of Judge Ernest M. Hiroshige. (See Code Civ. Proc., § 170.1.) But "[t]he determination of the question of the disqualification of a judge is not an appealable order and may be reviewed only by a writ of mandate . . . . The petition for the writ shall be filed and served within 10 days after service of written notice of entry of the court's order determining the question of disqualification." (Code Civ. Proc., § 170.3, subd. (d);

---

[3] A partial reporter's transcript of the hearing on the demurrer to the first amended complaint and LAUSD's motion to compel on April 16, 2013, was included in the clerk's transcript as an exhibit to one of Anderson's motions.

21

see also *People v. Panah* (2005) 35 Cal.4th 395, 444.) Anderson filed three statements of disqualification in a three month period. All three of Anderson's requests for disqualification were submitted on the same grounds—that Anderson was dissatisfied with the trial court's rulings and an unsupported allegation of racial bias. Each of these statements were stricken because no lawful grounds were presented. Anderson was advised that the exclusive means to seek review of the order was a timely filing of a writ of mandate.

On November 18, 2013, Anderson did file a petition for writ of mandate with this court. We denied the petition because Anderson failed to provide a sufficient record to support his request for review. Anderson took no action to further review that decision. We have no jurisdiction to entertain an appeal of the trial court's ruling on Anderson's disqualification statements brought under Code of Civil Procedure section 170.1.

## DISPOSITION

The judgment is affirmed. Costs on appeal are awarded to respondent LAUSD.


KRIEGLER, J.


We concur:



TURNER, P. J.                    GOODMAN, J.[*]

---

[*] Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.