Filed 7/16/13  Gonsalves v. Deutsche Bank Nat. Trust Co. CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| MARY R. GONSALVES,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY,<br><br>    Defendant and Respondent. | B239671<br><br>(Los Angeles County<br>Super. Ct. No. BC464602) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  John L. Segal, Judge.  Affirmed.

Mary R. Gonsalves, in pro. per.; Juarez & Associates and Christian R. Juarez for Plaintiff and Appellant.

Wright, Finlay & Zak, Robin Prema Wright, Jonathan D. Fink and Joshua R. Hernandez for Defendant and Respondent.

_____

In this matter, plaintiff Mary R. Gonsalves did not oppose a demurrer of defendant Deutsche Bank National Trust Company (Deutsche Bank), amend her complaint after the demurrer was sustained with leave to amend, or oppose Deutsche Bank's subsequent motion to dismiss. Gonsalves now appeals from the judgment entered after the court granted the motion to dismiss, contending that she had been "justified" in failing to oppose the demurrer because codefendant JMO, Inc., had filed a notice of automatic stay and that the court had erred in dismissing the case with prejudice. We disagree because Deutsche Bank did not have an identity of interest with JMO, Inc., and the case properly was dismissed with prejudice when Gonsalves did not amend. We affirm the judgment.

## BACKGROUND

The background facts are taken from the complaint and matters judicially noticed by the trial court. (Evid. Code, § 459.)

In September 2006, JMO, Inc., loaned Gonsalves $992,000 (loan) in return for Gonsalves's execution of a promissory note which was secured by a deed of trust on real property located in Los Angeles, California. Orange Coast Title was the trustee and Mortgage Electronic Registration Systems, Inc. (MERS), was the nominee beneficiary. After Gonsalves defaulted on loan payments, a notice of default was recorded on February 10, 2010. As the nominee of JMO, Inc., MERS sold the loan, which was pooled with other loans into a trust of which Deutsche Bank was the trustee; the "assignment of deed of trust" in favor of Deutsche Bank was recorded on April 16, 2010. A trustee's sale took place on September 7, 2010, with title reverting to Deutsche Bank. A trustee's deed upon sale was recorded on September 14, 2010.

Over four and one-half months after its assignment of deed of trust to Deutsche Bank was recorded, JMO, Inc., filed a petition in the bankruptcy court on September 3, 2010.

On July 1, 2011, Gonsalves filed a complaint for quiet title, "invalid foreclosure," and breach of the covenant of good faith and fair dealing against Deutsche Bank and JMO, Inc.; and fraud against JMO, Inc. On July 13, 2011, JMO, Inc., filed a notice of automatic stay, indicating that Gonsalves's action was stayed with regard to JMO, Inc.

2

On August 12, 2011, Deutsche Bank filed a request for judicial notice, which was granted by the trial court, and a demurrer to the complaint. Gonsalves did not oppose the demurrer. Thereafter, the trial court sustained Deutsche Bank's demurrer with 10 days' leave to amend. Gonsalves did not file an amended complaint. On November 23, 2011, pursuant to Code of Civil Procedure section 581, subdivision (f)(2), Deutsche Bank filed a motion to dismiss Gonsalves's complaint based on her failure to amend the complaint within the time period allowed by the court.[1] Gonsalves did not oppose the motion to dismiss. On January 11, 2012, the date of the hearing on the motion to dismiss, Gonsalves filed an ex parte motion to continue the hearing on the motion to dismiss. In support of the ex parte motion, Gonsalves's counsel declared that Gonsalves had not filed an opposition to the demurrer because she "believed [JMO Inc.'s] automatic stay would apply and no action was necessary."

On January 11, 2012, the trial court denied Gonsalves's ex parte motion and granted Deutsche Bank's motion to dismiss. Deutsche Bank served a proposed order and judgment of dismissal with prejudice on Gonsalves, to which Gonsalves objected on January 19, 2012. On February 2, 2012, the court filed the order granting the motion to dismiss with prejudice and judgment of dismissal. Gonsalves appealed.

## DISCUSSION

**The trial court did not abuse its discretion in granting Deutsche Bank's motion to dismiss with prejudice**

Gonsalves urges that the trial court erred in granting Deutsche Bank's motion to dismiss, contending that she had been "justified" in failing to oppose the demurrer because codefendant JMO, Inc., had filed a notice of automatic stay and that the court had erred in dismissing the case with prejudice. We disagree because Deutsche Bank did not have an identity of interest with JMO, Inc., and the case properly was dismissed with prejudice when Gonsalves did not amend.

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

Gonsalves argues that her failure to file opposition to Deutsche Bank's demurrer was "justified" because she "did not want to take the risk of proceeding against the nonbankrupt" Deutsche Bank, which she claimed had a "substantial identity of interest" with "debtor" JMO, Inc.  She cites *A.H. Robins Co., Inc. v. Piccinin* (1986) 788 F.2d 994 for the proposition that a bankruptcy court may stay proceedings against a nonbankrupt codefendant in the "'unusual situation'. . . when there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." (*Id*. at p. 999.)  But Gonsalves did not plead identity of interest in her complaint; nor does she establish identity of interest between JMO, Inc., and Deutsche Bank on appeal.  Thus, the stay as contemplated in *A.H. Robins Co.* does not apply here.

With respect to the trial court's ruling sustaining the demurrer, Gonsalves states in her opening brief, "It is unclear upon what grounds the court ruled with respect to the demurrer.  It is not necessary to speculate.  The better procedure would be to vacate the dismissal with prejudice and return the matter to the trial court for further proceedings.  It is clear that whatever the defects were in the original complaint, the Court believed that the Appellant should have another opportunity to amend the pleadings.  The Court granted leave originally even though Appellant did not respond to the demurrer.  The court's determination amounted to nothing more than that the plaintiff had failed . . . to establish a right of recovery against the defendant by that particular complaint.  The judgment was based upon formal matters of pleading, and concluded nothing more than the form in which the claim was then presented, did not entitle Appellant to go to trial on the merits.  Such a judgment is clearly not on the merits, and under the rules set forth above, is not res judicata."

Based on the foregoing, Gonsalves has forfeited any challenge of the merits of the trial court's ruling sustaining the demurrer.  (*Mansell v. Board of Administration* (1994) 30 Cal.App.4th 539, 545–546 [if appellant's brief does not contain legal argument with citation of authorities on point made, court need not furnish argument or search record for

support for appellant's contention but may treat it as forfeited and pass it without consideration].)

We conclude that Gonsalves has not established that the trial court abused its discretion in granting Deutsche Bank's motion to dismiss with prejudice. Under section 581, the trial court may dismiss a complaint if "after a demurrer to the complaint is sustained with leave to amend, the plaintiff fails to amend it within the time allowed by the court and either party moves for dismissal." (§ 581, subd. (f)(2).) "The decision to dismiss an action under section 581, subdivision (f)(2) rests in the sound discretion of the trial court and a reviewing court will not disturb the ruling unless the trial court has abused its discretion. [Citation.] It is appellant's burden to establish an abuse of discretion. [Citation.]" (*Gitmed v. General Motors Corp.* (1994) 26 Cal.App.4th 824, 827; see *Cano v. Glover* (2006) 143 Cal.App.4th 326, 329–330 [dismissal pursuant to section 581, subd. (f)(2) is with prejudice].)

There is no abuse of discretion here. It is undisputed that Gonsalves failed to oppose the demurrer, amend her complaint within the time allowed by the court, or oppose the motion to dismiss. We affirm the judgment.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.


                                                  MALLANO, P. J.

We concur:


ROTHSCHILD, J.


CHANEY, J.