Filed 10/18/13  Sharma v. Bank CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ARUNA SHARMA, | B237983 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. KC061854) |
| v. | |
| BANK OF AMERICA, N.A., et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Salvatore T. Sirna, Judge.  Affirmed.

Aruna Sharma, in pro. per., for Plaintiff and Appellant.

Reed Smith, David J. de Jesus, Rosalie Euna Kim and Michael Gerst for Defendants and Respondents.

Plaintiff Aruna Sharma (plaintiff) appeals from a judgment in favor of defendants Bank of America, N.A. (Bank of America), ReconTrust Company, N.A. (ReconTrust), and U.S. Bank, National Association as Trustee for the Benefit of Harborview 2005-12 Trust Fund (U.S. Bank) (collectively defendants) following the trial court's dismissal of the action due to plaintiff's failure to file an amended complaint after defendants' demurrer was sustained. Plaintiff contends that her failure to oppose the demurrer should be excused because she was ill. We conclude that plaintiff has shown no error, and affirm the judgment.

*FACTUAL AND PROCEDURAL BACKGROUND*

On June 27, 2005, plaintiff obtained a $386,150 loan from First Magnus Financial Corporation and executed a deed of trust against real property located in Pomona, California (Property). The deed of trust named Mortgage Electronic Registration Systems, Inc. (MERS) as the holder of the beneficial interest in the deed of trust. On March 10, 2010, ReconTrust, as MERS's agent, recorded a notice of default and election to sell under deed of trust stating that plaintiff's arrears exceeded $17,000. A substitution of trustee and assignment of deed of trust was recorded on March 23, 2010, stating that MERS was appointing ReconTrust as the substitute trustee and assigning its interest in the deed of trust to U.S. Bank. On July 26, 2011, ReconTrust recorded a notice of trustee's sale.

2

Plaintiff filed this action against defendants[1] on August 9, 2011, alleging causes of action for "failure to comply with California Civil Code section 2923.5," "misrepresentation/fraud," "validity of loan / non notification of transfer to trustee holder / MERS prohibited," "extortion of loan and property," and "request to set aside default sale." Plaintiff's claims arose from defendants' alleged failure to modify her mortgage and wrongful initiation of foreclosure proceedings.[2]

On September 8, 2011, defendants raised a general demurrer and special demurrer for uncertainty to the complaint. Defendants argued that (1) although the complaint alleged that the assignment of the deed of trust was invalid, judicially noticeable documents established defendants' right to foreclose in response to plaintiff's default; (2) plaintiff could not challenge the foreclosure proceedings without first alleging an ability to tender; (3) defendants were not under an obligation to modify plaintiff's loan; and (4) the complaint did not allege fraud with the required specificity, among other arguments.

Plaintiff did not file an opposition to the demurrer or attend the hearing.[3] On October 25, 2011, the court sustained the demurrer with 10 days leave to amend.[4]

---

[1] It appears that First Magnus Financial Corporation, at some point, transferred ownership of the loan to Bank of America.

[2] Plaintiff represented to the court at oral argument that Bank of America has since reduced her loan balance by about $125,000 and apparently forgiven approximately $75,000.

[3] Plaintiff states that she did not file an opposition to the demurrer because she "suffered from a hemorrhage and a bout of depression as a result of stress from not only being on the verge [of] losing the property, but also, her life-long investment."

Plaintiff did not file an amended complaint. On November 15, 2011, defendants applied *ex parte* for dismissal of the action. Plaintiff did not oppose the application. The court granted the application and dismissed the action with prejudice. (Code Civ. Proc., § 581, subd. (f)(2).) Plaintiff timely appealed.

## CONTENTIONS

Plaintiff contends that her failure to oppose the demurrer should be excused because she was ill.

## DISCUSSION

1. *The Demurrer*

When reviewing a judgment dismissing a complaint after the court sustains a demurrer, we assume the truth of the complaint's properly pleaded or implied factual allegations, and also consider judicially noticeable matters. (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.) We review de novo whether the complaint alleges facts sufficient to state a cause of action. (*Farm Raised Salmon Cases* (2008) 42 Cal.4th 1077, 1089, fn. 10.)

Plaintiff does not argue that her complaint adequately alleges facts stating a cause of action, but only argues that the court should "forgive[]" her for not opposing the demurrer. At this stage of the proceedings, we cannot grant plaintiff another opportunity to oppose the demurrer. The only issue properly before us, with respect to the demurrer, is whether the complaint failed to allege facts sufficient to state a cause of action such that the trial court correctly sustained the demurrer.

---

[4] Plaintiff has not included a copy of the minute order in the record.

4

The first cause of action for "failure to comply with California Civil Code § 2923.5" alleges that defendants gave plaintiff "false-information [sic]" and that the loan was no longer valid because it had been transferred numerous times. Civil Code section 2923.5 provides, in relevant part, that a "mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent" may not record a notice of default before it has contacted the borrower "to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." Here, the first cause of action does not allege facts showing that defendants failed to contact plaintiff prior to recording a notice of default. Therefore, the complaint does not allege facts stating a cause of action for violation of Civil Code section 2923.5.[5]

The second, third and fourth causes of action all allege forms of fraud. The second cause of action for "misrepresentation/ fraud" alleges that Bank of America misrepresented to plaintiff that it would modify her loan and that "there was NO DEFAULT SALE." The third cause of action entitled "validity of loan/non notification of transfer to trustee holder/MERS prohibited" alleges that Bank of America made misrepresentations to plaintiff and government agencies regarding its ownership of the loan at issue. The fourth cause of action for "extortion of loan and property" alleges that the subject loan was "predatory" and that defendants "over-valued pricing of loan [sic]." (*Fuhrman v. California Satellite Systems* (1986) 179 Cal.App.3d 408, 426,

---

[5]     Plaintiff also has no legal remedy for this alleged violation because, as she informed the court at oral argument, the foreclosure sale was canceled. (*Mabry v. Superior Court* (2010) 185 Cal.App.4th 208, 214 ["*the extent of a private right of action under section 2923.5 . . . is limited to obtaining a postponement of an impending foreclosure to permit the lender to comply with section 2923.5*"].) (See fn. 2, *ante*.)

overruled on other grounds in *Silberg v. Anderson* (1990) 50 Cal.3d 205 [providing that, in a civil context, extortion is a form of fraud].)

" '[T]he facts constituting [] fraud must be alleged with sufficient specificity to allow defendant to understand fully the nature of the charge made.' [Citation.] . . . [¶] This particularity requirement necessitates pleading *facts* which 'show how, when, where, to whom, and by what means the representations were tendered.' [Citation.]" (*Stansfield v. Starkey* (1990) 220 Cal.App.3d 59, 73.) Here, the second, third and fourth causes of action do not allege facts showing how, when, where, and by what means the alleged misrepresentations were tendered, therefore, the complaint fails to state a cause of action for fraud.

Lastly, a request for injunctive relief cannot succeed without an underlying claim to support it. (*County of Del Norte v. City of Crescent City* (1999) 71 Cal.App.4th 965, 973 ["A permanent injunction is an equitable remedy, not a cause of action, and thus it is attendant to an underlying cause of action."].) Therefore, plaintiff's fifth cause of action for "request to set aside default sale" fails because none of the underlying claims adequately state a cause of action.[6] Accordingly, the trial court properly sustained defendants' demurrer to the complaint.

Furthermore, plaintiff has not met her burden of showing that there is a reasonable possibility of curing the defects in her complaint by amendment. When a general demurrer is sustained the plaintiff must be given leave to amend her complaint

---

[6] In addition, this claim is now moot since plaintiff's loan was modified and no default sale occurred.

when there is a reasonable possibility that the defect can be cured by amendment. (*Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 43.)  "To satisfy that burden on appeal, a plaintiff 'must show in what manner he can amend his complaint and how that amendment will change the legal effect of his pleading.' [Citation.]"  (*Ibid.*)  Here, the trial court gave plaintiff an opportunity to amend and there is nothing in the record indicating that she attempted to do so.  Although plaintiff claims that she was too ill to oppose the demurrer she does not explain what prevented her from filing an amended complaint within the three week period after the demurrer was sustained and before dismissal.  In addition, plaintiff has not explained to this court how she could cure the defects in her complaint if given further leave to amend. Therefore, plaintiff has not met her burden of showing that there is a reasonable probability she could cure the defects in the complaint by amendment.[7]

      2.    *Dismissal Under Code of Civil Procedure Section 581, Subdivision (f)(2)*

To the extent that plaintiff challenges the court's order of dismissal based on her failure to file an amended complaint, we also affirm.  Under Code of Civil Procedure section 581, subdivision (f)(2), the trial court may dismiss a complaint if "after a demurrer to the complaint is sustained with leave to amend, the plaintiff fails to amend it within the time allowed by the court and either party moves for dismissal."  "The

---

[7]    It appears that plaintiff has serious health issues and this court is not without sympathy for her.  Unfortunately, given the facts of this case, the law is very clear and the trial court's actions were correct.  Moreover, as already noted, plaintiff has been successful in negotiating with her lender to obtain what appears to be a very favorable resolution of the financial problems which prompted the filing of this action in the first place.

decision to dismiss an action under section 581, subdivision (f)(2) rests in the sound discretion of the trial court and a reviewing court will not disturb the ruling unless the trial court has abused its discretion. [Citation.] It is appellant's burden to establish an abuse of discretion. [Citation.]" (*Gitmed v. General Motors Corp.* (1994) 26 Cal.App.4th 824, 827.) Here, plaintiff did not oppose the demurrer, amend the complaint in a timely fashion or at any point after the demurrer was sustained, or oppose defendants' application to dismiss the complaint. Therefore, the court did not abuse its discretion in dismissing the action.

## *DISPOSITION*

The judgment is affirmed.  Defendants shall recover their costs on appeal.


## *NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS*


CROSKEY, J.

WE CONCUR:



KLEIN, P. J.



KITCHING, J.