Filed 11/21/24  Mitchell v. William Warren Group CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| OLIVER B. MITCHELL III,<br><br>　　　Plaintiff and Appellant,<br><br>　　v.<br><br>WILLIAM WARREN GROUP, INC.,<br><br>　　　Defendant and Respondent. | B335504<br><br>(Los Angeles County Super. Ct. No. 23STCV10822) |

　　　APPEAL from an order of the Superior Court of Los Angeles County, Cherol Nellon, Judge.  Affirmed.

　　　Oliver B. Mitchell III, in pro. per., for Plaintiff and Appellant.

Bremer, Whyte, Brown & O'Meara, Kyle P. Carroll, and Sukayna Jaidi for Defendant and Respondent.

\* \* \* \* \* \*

Oliver B. Mitchell III (plaintiff) argues that the trial court erred in dismissing his complaint with prejudice when he did not file an amended complaint after the court granted him leave to do so following the sustaining of a demurrer. This ruling was not an abuse of discretion, so we affirm.

## FACTS AND PROCEDURAL BACKGROUND

### I.     Facts

In November 2019, plaintiff signed a monthly rental contract with StorQuest for a 5-foot by 10-foot storage unit. StorQuest is the business name used by William Warren Group, Inc. (the Group). He owed $136 per month.

When a Los Angeles city ordinance went into effect in the early days of the COVID-19 pandemic that placed a moratorium on evictions, plaintiff stopped paying rent in August 2020. By May 2022, plaintiff owed $3,257 in unpaid rent; by October 2023, that amount had risen to $6,509.15.

### II.    Procedural Background

Plaintiff sued the Group in 2022, and the trial court dismissed the operative complaint without prejudice when plaintiff opted not to file an amended complaint after the court sustained a demurrer with leave to amend.

Three days after that May 2023 dismissal, plaintiff sued the Group again. Plaintiff's 119-paragraph complaint (the new complaint) alleged the same eight claims as in the prior lawsuit—namely, (1) sexual harassment under the Unruh Act (Civ. Code, § 51), (2) sex discrimination under the Unruh Act (*ibid.*), (3) gender

violence (*id.*, § 52.4), (4) breach of contract, (5) negligence, (6) conversion, (7) civil conspiracy, and (8) intentional infliction of emotional distress.  Plaintiff sought compensatory and punitive damages as well as declaratory and injunctive relief.

In June 2023, the Group filed a demurrer to the new complaint as well as a motion to strike its punitive damages allegations.  After a full round of briefing and a hearing, the trial court in October 2023 sustained the demurrer with leave to amend.  The court reasoned that the bulk of the new complaint's allegations copied those in the previously dismissed complaint and that res judicata precluded re-litigation of those allegations.  The court nevertheless recognized that the new complaint alleged two acts occurring *after* the last case was filed and that the res judicata bar did not apply to those acts; while the allegations of these acts were insufficient by themselves to state any of the eight claims in the new complaint, the court recognized that those allegations might support other claims and granted plaintiff leave to amend to articulate those other claims.  The court granted plaintiff 30 days to file an amended complaint.  In light of this disposition, the court simultaneously denied as moot plaintiff's earlier-filed motion to amend the new complaint to add a claim seeking to rescind a settlement agreement plaintiff signed in this case.

Twenty-one days later, plaintiff filed a motion asking the trial court to reconsider its ruling on the demurrer, which the trial court denied.  Plaintiff did not file an amended complaint within 30 days of the demurrer ruling.

After the 30-day window closed, the Group filed an ex parte application seeking dismissal of plaintiff's complaint pursuant to

3

Code of Civil Procedure section 581, subdivision (f)(2).[1]  When plaintiff did not appear at the scheduled hearing despite being properly served, the trial court continued the hearing for a week.  When plaintiff did not appear at the continued hearing despite being properly served with notice of the new hearing's date and time, the trial court granted the application and dismissed plaintiff's complaint with prejudice.

Plaintiff filed this timely appeal.

## DISCUSSION

Plaintiff's chief argument on appeal is that the trial court erred in dismissing his new complaint with prejudice.

This argument lacks merit.

A trial court may dismiss a complaint with prejudice if it has sustained a demurrer with leave to amend and the plaintiff does not file an amended complaint within the allotted time.  (§ 581, subd. (f)(2); *Cano v. Glover* (2006) 143 Cal.App.4th 326, 329-330; *Leader v. Health Industries of America, Inc.* (2001) 89 Cal.App.4th 603, 613-614.)  We review such a dismissal for an abuse of discretion.  (*Gitmed v. General Motors Corp.* (1994) 26 Cal.App.4th 824, 827.)  Because it is undisputed that plaintiff did not file an amended complaint within the allotted time, the court acted squarely within its discretion in dismissing the new complaint with prejudice.

Plaintiff resists this conclusion with what boils down to four further arguments.

First, plaintiff argues that the trial court "misapplied" the doctrine of res judicata when sustaining the demurrer in the first place; had the demurrer been overruled, plaintiff continues, he

---

[1]     All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

would never have been required to file an amended complaint. Although plaintiff's attack on the underlying demurrer ruling is cognizable (*Shaw v. Los Angeles Unified School Dist.* (2023) 95 Cal.App.5th 740, 753), it falters on the merits because the trial court correctly applied res judicata. The species of res judicata relevant here—namely, claim preclusion—"'prevents relitigation'" in a second suit "involv[ing] (1) the same cause of action (2) between the same parties (3) after a final judgment on the merits in the first suit." (*DKN Holdings LLC v. Faerber* (2015) 61 Cal.4th 813, 824-825.) There is no dispute that the operative complaint in the prior litigation and the new complaint involve the same causes of action between the same parties. A prior dismissal for failure to file an amended pleading after sustaining a demurrer constitutes a preclusive "'judgment on the merits to the extent that [the demurrer] adjudicates that the facts alleged do not constitute a cause of action,'" but *not* to the extent that "'new or additional facts are alleged that cure the defects'" in that prior pleading. (*Wells v. Marina City Properties, Inc.* (1981) 29 Cal.3d 781, 789.) Thus, the trial court correctly applied res judicata to the allegations adjudicated in the prior lawsuit while declining to apply res judicata to the "new or additional facts" set forth in the new complaint.

Second, plaintiff argues that the trial court erred in denying his 41-page motion to reconsider the October 16, 2023 order sustaining the demurrer with leave to amend; had it been granted, plaintiff continues, he would never have been required to file an amended complaint. This argument also falters on the merits. The court ruled that plaintiff's motion for reconsideration was untimely (because it was filed more than 10 days after the challenged ruling), and not a proper motion for reconsideration

because it "simply re-argue[d] the demurrer" rather than presenting new facts or new law, as required by section 1008. Plaintiff does not challenge either of those findings; nor could he, as they are both correct. Instead, plaintiff urges that the court erred in reading only the first 15 pages of his 40-page motion. This was consistent with the Rule of Court limiting such motions to 15 pages. (Cal. Rules of Court, rule 3.1113(d).) What is more, nothing in the last 25 pages alters the motion's untimeliness or its failure to do anything beyond re-argue the demurrer.

Third, plaintiff argues that the trial court did not "afford[]" him "an opportunity to correct any potential deficiency through an amended complaint," and thereby violated due process, equal protection, and the First Amendment. We need not delve into the complexities of his constitutional claims because their factual premise is incorrect. The record unequivocally establishes that plaintiff *was* afforded an opportunity to "correct any potential deficiency through an amended complaint." He simply elected not to use it.

Fourth and finally, plaintiff argues that the trial court violated due process because the court had "conspicuous animus towards" him and "seemed impulsive." For support, plaintiff cites the fact that the court ruled against him on the merits. Because adverse rulings are not, without more, evidence of judicial bias (e.g., *Brown v. American Bicycle Group, LLC* (2014) 224 Cal.App.4th 665, 674), plaintiff's argument is without any factual foundation.

**DISPOSITION**

The judgment is affirmed.  The Group is entitled to its costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.

HOFFSTADT


We concur:


_____, Acting P. J.

ASHMANN-GERST


_____, J.

CHAVEZ