Filed 6/20/25  Nussbaum v. Sutter Health CA1/2
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THOMAS NUSSBAUM,<br><br>  Plaintiff and Appellant,<br><br>v.<br><br>SUTTER HEALTH ET AL.,<br><br>  Defendant and Respondent. | A171050<br><br>(San Mateo County<br>Super. Ct. No. 22CIV05407) |

In late 2022, Nussbaum filed a lawsuit against a care facility alleging it was responsible for the death of his mother, who had died almost three years earlier.  His amended complaint alleged five causes of action, to which defendant filed a demurrer.  The trial court sustained it without leave as to four of the causes of action on statute of limitations grounds, granting leave to amend as to the fifth.  Nussbaum did not amend, and the trial court dismissed the action.  Nussbaum appeals.  We affirm.

**BACKGROUND[1]**

On December 27, 2022, representing himself, Thomas Nussbaum filed a complaint against Sutter Health and Sutter Bay Hospitals doing business as

---

[1]  The clerk's transcript here is a total of 44 pages, 15 of which are register of actions.  The transcript contains a total of 10 items, most of which

1

Mills Peninsula (incorrectly sued as Sutter Health's Mills Peninsula Center) (collectively, Sutter). The complaint was based on the death of Nussbaum's mother, who died on January 2, 2020, and apparently alleged causes of action for: (1) elder abuse; (2) willful neglect; and (3) wrongful death.

On February 28, 2023, Sutter filed a demurrer and motion to strike based on the applicable statutes of limitations.

Nussbaum filed opposition, Sutter a reply and the motions came on for hearing on September 11 before the Honorable Nicole Healy, who had issued a tentative ruling. Nussbaum appeared, representing himself, Sutter through counsel. Nussbaum attempted to argue about some claimed fraud, which Judge Healy pointed out had not been alleged. On September 11, Judge Healy issued an order sustaining the demurrer with leave to amend.[2]

On October 9, Nussbaum filed a first amended complaint that apparently alleged five causes of action, for: (1) elder abuse; (2) willful neglect; (3) wrongful death; (4) fraud; and (5) false imprisonment of elderly.

On October 12, Sutter filed a demurrer and motion to strike. Nussbaum filed opposition and Sutter a reply, and on February 5, 2024, the matters were continued to May 20.

On May 7, Nussbaum filed his second opposition, to which Sutter filed objection.

The motions came on as rescheduled, before the Honorable Raymond Swope, who had issued a tentative ruling. Both sides contested and appeared, Nussbaum representing himself and Sutter through counsel. Judge Swope heard argument, at the conclusion of which he adopted his

---

are minute orders, and not one of which is any pleading or motion filed below. This background is derived largely from the register of actions.

[2] The motion to strike was denied as moot.

2

tentative ruling, which was as follows: "Demurrer to Plaintiff's First Amended Complaint ('FAC') is SUSTAINED WITHOUT LEAVE TO AMEND with respect to the First, Second, Third, and Fifth Causes of Action pursuant to Cal. Code of Civil Procedure Sections 430.10(e), 335.1, 340.5, 340(c). The Demurrer to the Fourth Cause of Action for Fraud is SUSTAINED WITH LEAVE TO AMEND to allege a cause of action for fraud, because leave had not been previously granted to add an additional cause of action." (Italics omitted.)[3]

Judge Swope's order went on at length to support the basis of his rulings, where among other things he noted as follows:

"Plaintiff has reasserted the same claims in his First Amended Complaint, which alleges causes of action for (1) Elder Abuse, (2) Willful Neglect, (3) Wrongful Death, (4) Fraud, and (5) False Imprisonment of Elderly. Plaintiff contends that the Court's prior order does not address the applicable dates alleged in the original Complaint, and that the FAC is timely because it was filed within three years from when the decedent was moved to Mills Comfort Care on December 27, 2019. Opp., 2:9-10; FAC, 7:4-18. However, Plaintiff's argument does not analyze his allegations under the applicable two- year statute of limitations. From the latest possible applicable date in Plaintiff's FAC, the date of the decedent's death on January 2, 2020, the two-year statute of limitations as to the First Cause of Action for Elder Abuse and Second Cause of Action for Willful Neglect ran on January 2, 2022. No facts relating to delayed discovery or other applicable tolling have been pleaded. These claims are therefore time-barred on the face of the pleading, and the demurrer is SUSTAINED WITHOUT LEAVE TO

---

[3]     Again, the motion to strike was denied as moot.

3

AMEND as to the First and Second Causes of Action in the FAC on this basis.

"As to the Third Cause of Action for Wrongful Death, a shorter one-year statute of limitations is applicable pursuant to Code of Civil Procedure Section 340.5. No new facts have been pleaded that address this issue. It is therefore time-barred, and the Demurrer is SUSTAINED WITHOUT LEAVE TO AMEND as to the Third Cause of Action for Wrongful Death on that basis.

"The Fifth Cause of Action for Wrongful Imprisonment is subject to a one-year statute of limitations as well, pursuant to Code of Civil Procedure Section 340(c), and is time-barred on the face of the FAC. The Demurrer is therefore SUSTAINED WITHOUT LEAVE TO AMEND as to the Fifth Cause of Action on that basis. [¶] . . . [¶]

"Cause of Action for Fraud

"When a demurrer is sustained with leave to amend, a plaintiff may amend the complaint only as authorized by the order and may not add a cause of action without having obtained permission to do so unless the cause of action is within the scope of the order granting leave to amend. (*Zakk v. Diesel* (2019) 33 Cal.App.5th 431, 456, citing *Harris v. Wachovia Mortgage, FSB* (2010) 185 Cal.App.4th 1018, 1023.) Defendants contend that Plaintiff's cause of action for Fraud is not within the scope of the Court's order granting leave to amend the original Complaint upon the granting of Defendants' demurrer to that pleading. Leave to amend was granted in that order pursuant to the liberal policy favoring amendment. The discussion of fraud in the order was with respect to a lack of factual allegations showing that a departure from the applicable statutes of limitations was appropriate. Leave to add an additional cause of action was not granted at that time. The cause

4

of action for fraud is also uncertain, as it is alleged in conjunction with the other causes of action, and fails to allege each element of fraud with specificity. Thus, the Fourth Cause of Action is SUSTAINED WITH LEAVE TO AMEND to allege a cause of action for fraud."

The order gave Nussbaum 10 days to file an amended pleading. On May 31, the trial court served Nussbaum with a copy of Judge Swope's order, the effect of which was that Nussbaum had until June 10 to file an amended complaint. No such complaint was forthcoming.

On July 2, Sutter filed an ex parte application pursuant to Code of Civil Procedure section 581, subdivision (f)(2)[4] seeking to have the action dismissed. It appears that Nussbaum filed opposition, and according to Sutter's representation, an ex parte hearing was held on July 3, at which Nussbaum personally appeared. That same day Judge Swope filed his order dismissing the case and, on July 3, entered judgment for Sutter.

On July 26, Nussbaum filed his appeal.

## DISCUSSION

**Introduction**

Still representing himself, Nussbaum has filed a 13-page opening brief, some five pages of which is "Argument." Specifically, the brief contains three arguments, described by Nussbaum as follows: "6.1 The Trial Court Erred in Sustaining the Demurrer Without Leave to Amend Elder Abuse and Wrongful Death Causes of Action"; "6.2 The Trial Court's Rulings Violated

---

[4]    Which section provides as follows: "The court may dismiss the complaint as to [the] defendant when: [¶] . . . [¶] (2) Except where Section 597[, which authorizes a separate trial on special defenses not on the merits,] applies, after a demurrer to the complaint is sustained with leave to amend, the plaintiff fails to amend it within the time allowed by the court and either party moves for dismissal." (Code Civ. Proc. §581, subd. (f).)

5

Appellant's Due Process Rights"; and "6.3 Accrual of Claims Should Be Tolled Under the Delayed Discovery Rule and Public Policy Related to Homicide Cases."[5]  (Boldface omitted.)

We begin our discussion by noting that Nussbaum's brief violates many principles of appellate review, a criticism we make against the background that he has chosen to represent himself, as is his right.  Doing so, however, he is held to the same standard as an attorney.  (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984–985.)  Self-representation is not a ground for lenient treatment and, as is the case with attorneys, a person who represents herself "must follow correct rules of procedure." (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1247.)  Nussbaum's brief here falls far short.

To begin with, a judgment or order of the trial court is presumed to be correct, and the appellant has the burden of overcoming this presumption. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609.)  Inherent in this burden is the obligation to present an appellate record sufficient to enable determination of the issues.  (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295.) Here, Nussbaum seeks reversal of the order sustaining Sutter's demurrer to the first amended complaint and the subsequent order dismissing this action. However, as mentioned above, Nussbaum has failed to include in the record the operative complaint, the documents in support of or opposing the

---

[5]     Nussbaum's brief has a section entitled, "Issues Presented" that lists four issues:  "Whether the trial court erred in sustaining the demurrer without leave to amend on elder abuse and wrongful death causes of action"; "Whether the trial court violated Appellant's procedural due process rights by limiting oral arguments and refusing to consider critical filings"; "Whether the court's striking of Appellant's responses violated Code of Civ..[*sic*] Proc. § 435(b)(2) and Cal. R. Ct. 3.1113"]; and "Whether the discovery rule and public policy toll the statute of limitations due to allegations of homicide and delayed discovery of fraud."

demurrer and motion to strike, and the documents filed in connection with Sutter's ex parte application to dismiss the action. Nussbaum's failure to provide an adequate record on the challenged proceedings by itself requires that his claims on appeal be resolved against him. (*Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502, citing *Maria P. v. Riles*, *supra*, 43 Cal.3d at pp. 1295–1296; see, e.g., *Bains v. Moores* (2009) 172 Cal.App.4th 445, 478 ["[P]laintiffs have failed to include in the record either the operative complaint or the demurrers, thus making it impossible for this court to review the complaint de novo to determine whether it states a cause of action. On that basis alone, we must reject plaintiffs' claim"].)

Additionally, California Rules of Court, rule 8.204(a)(2)(C) provides that an appellant's opening brief shall "[p]rovide a summary of the significant facts . . . ." And the leading California appellate practice guide instructs about this: "Before addressing the legal issues, your brief should accurately and fairly state the critical facts (including the evidence), free of bias; and likewise as to the applicable law. [Citation.] [¶] Misstatements, misrepresentations, and/or material omissions of the relevant facts or law can instantly 'undo' and otherwise effective brief, waiving issues and arguments; it will certainly cast doubt on your credibility, may draw sanctions [citation], and may well cause you to lose the case." (Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2023) ¶ 9:27, italics omitted.) Such summary is missing here.

Nussbaum's brief violates other principles of appellate advocacy and Rules of Court. For example, rule 8.204(a)(1)(C) requires that any reference to a matter in the record, whether factual or procedural, be supported by a citation to the volume and page number of the record where the matter appears. (*Professional Collection Consultants v. Lauron* (2017) 8 Cal.App.5th

7

958, 970; *Myers v. Trendwest Resorts, Inc.* (2009) 178 Cal.App.4th 735, 745.) Nussbaum does not do that here.

On top of all that, as best we can tell Nussbaum's briefing does nothing more than rehash—and very briefly, and in conclusory terms—his position below, which disregards the admonition from Division One of this court that he is not to merely reargue or "merely reassert [his] position" below. (*Conderback, Inc. v. Standard Oil Co.* (1966) 239 Cal.App.2d 664, 687.)

In any event, Nussbaum's arguments have no merit.

**The Trial Court Properly Dismissed the Action**

Nussbaum's first argument is that "The Trial Court Erred in Sustaining the Demurrer Without Leave to Amend Elder Abuse and Wrongful Death Causes of Action." The brief's two-page discussion refers to cases that Nussbaum describes as holding that "[s]imilar allegations have been deemed sufficient to state a claim for elder abuse in California courts." But utterly lacking is any reference to the applicable statutes of limitations, which, as noted, were the bases for Judge Swope's holding.

Nussbaum's second argument is that the rulings violated his "Due Process Rights," and proceeds to list, without discussion or argument, some seven claimed things he asserts denied him "a meaningful opportunity to be heard." The claims are not supported legally. Judge Swope expressly stated he "read and considered the moving paper and the opposition" and "entertained the arguments of counsel and Mr. Nussbaum." Indeed, our review of the reporter's transcript for both the hearing before Judge Healy as well as before Judge Swope demonstrates that Nussbaum had every

8

opportunity to make his case.[6]

Nussbaum's third argument is that "Accrual of Claims Should Be Tolled Under the Delayed Discovery Rule and Public Policy Related to Homicide Cases." Utterly ignoring that he addressed the issue with both Judge Healy and Judge Swope, and ignoring Judge Swope's specific reference to delayed discovery, Nussbaum ends his argument, without further explanation, with this: "Appellant argues the accrual date for wrongful death and elder abuse claims should be tolled until January 29, 2024, when Defendants admitted material facts. . . . [¶] Moreover, public policy disfavors allowing perpetrators of homicide to benefit from procedural time bars[.] *Perez v. Roe 1* (2006) 146 Cal.App.4th 171, 180." (Italics added.)

Lastly, as to any claim that Nussbaum was not allowed to amend, we note that the general rule is that an order dismissing an action pursuant to Code of Civil Procedure, section 581, subdivision (f)(2) is reviewed for abuse of discretion. (*Nuño v. California State University, Bakersfield* (2020) 47 Cal.App.5th 799, 807; *Gitmed v. General Motors Corp.* (1994) 26 Cal.App.4th 824, 827 ["The decision to dismiss an action under [Code of Civil Procedure] section 581, subdivision (f)(2) rests in the sound discretion of the trial court and a reviewing court will not disturb the ruling unless the trial court has abused its discretion"], citing *Harding v. Collazo* (1986) 177 Cal.App.3d 1044, 1054; *Haidet v. Del Mar Woods Homeowners Assn.* (2024) 106 Cal.App.5th 530, 535 [same, citing *Gitmed*].)

As to what such showing of such abuse requires, it has been described in terms of a decision that "exceeds the bounds of reason" (*People v. Beames*

---

[6] To the extent Judge Swope did not consider Nussbaum's second opposition, which the Judge called a sur-reply, he was correct, as no such pleading is provided for.

9

(2007) 40 Cal.4th 907, 920), or one that is arbitrary, capricious, patently absurd, or even whimsical.  (See, e.g., *People v. Bryant, Smith and Wheeler* (2014) 60 Cal.4th 335, 390.)  In its observation on the subject in a leading case, our Supreme Court said that "[a] ruling that constitutes an abuse of discretion has been described as one that is 'so irrational or arbitrary that no reasonable person could agree with it.' " (*Sargon Enterprises, Inc. v. University of Southern California* (2012) 55 Cal.4th 747, 773.)  Nussbaum has made no such showing here.

## DISPOSITION

The judgment is affirmed.

_____

RICHMAN, J.

We concur.

_____

STEWART,  P. J.

_____

MILLER, J.

(A171050N)